UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO: 1:20-cv-20687-JEM

RICHARD BURGESS, Individually, and by and through DARREN HENZE as Guardian of the Person and Estate of Richard Burgess, incapacitated and as agent under that certain durable power of attorney dated November 20, 2006.

Plaintiffs,

v.

ROYAL CARIBBEAN CRUISES LTD., a Liberian Corporation d/b/a ROYAL CARIBBEAN CRUISE LINE and/or ROYAL CARIBBEAN INTERNATIONAL, JOAO PEREIRA, MICHIEL ADRIAAN ETSEBETH.

Defendants.

_________________________________/

**DEFENDANT JOAO PEREIRA'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, WITH SUPPORTING MEMORANDUM OF LAW**

Defendant, DR. JOAO PEREIRA, M.D. ("Dr. Pereira"), specially appears, by and through his undersigned counsel, and pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure and S.D. Fla. L.R. 7.1 hereby files this Motion to Dismiss for Lack of Personal Jurisdiction, with Supporting Memorandum of Law. As grounds therefor, DR. PEREIRA states as follows:

1. This is a maritime personal injury action brought by Plaintiff RICHARD BURGESS, Individually, by and through DARREN HENZE as Guardian of the Estate of RICHARD BURGESS. Plaintiff alleges that he was a paying passenger aboard the Royal Caribbean *Harmony of the Seas* and received treatment from DR. PEREIRA on September 21, 2019 while the ship was docked in San Juan, Puerto Rico. [DE 30, ¶105]

2. Plaintiff's Complaint consists of nine (9) Counts. Count VII, the only against DR. PEREIRA, alleges a medical negligence claim against him as the ship's doctor during Plaintiff's encounter to the medical center on February 21, 2019. [DE 30, ¶105]

3. DR. PEREIRA is ***not*** a citizen or resident of Florida and is actually a foreign Defendant. He has not engaged in any business activities in Florida, nor does he own property or have an office, P.O. Box or telephone listing in Florida. [Exhibit 1]. DR. PEREIRA likewise has never incurred any obligation to pay, and has not paid taxes in Florida. [Exhibit 1]. Moreover, all contacts between DR. PEREIRA and MR. BURGESS occurred outside of the territorial waters of Florida, while the ship was docked in the port of San Juan, Puerto Rico. [Exhibit 1].

4. In addition to the foregoing, Plaintiff makes no attempt to establish this Court's personal jurisdiction over DR. PEREIRA in the Amended Complaint. Indeed the Amended Complaint is devoid of any jurisdictional allegations directed to DR. PEREIRA altogether. Therefore, this Court lacks personal jurisdiction over DR. PEREIRA as a matter of law.

## MEMORANDUM OF LAW

### I. Requirements for the Exercise of Personal Jurisdiction under Florida's Long-Arm Statute – Section 48.193.

Two requirements must be met before a Florida court is permitted to exercise personal jurisdiction over a nonresident defendant: (1) the Florida Long-Arm Statute must be satisfied; and (2) the exercise of jurisdiction must not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Posner v. Essex Ins. Co., 178 F. 3d 1209, 1214 (11th Cir. 1999); Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 626 (11th Cir. 1996). If Florida's Long-Arm Statute is satisfied, the Florida court must then determine whether sufficient "minimum contacts" exist to satisfy the due process requirements of the 14th Amendment, including "traditional notions of fair play and substantial justice." Future Tech. Today, Inc. v.

OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000); see also Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L.Ed. 95 (1945).[1] ***Here***, the Plaintiffs ***cannot*** get beyond Section 48.193.

In the seminal case of Venetian Salami Co. v. Parthenais, 554 So. 2d 499 (Fla. 1989), Florida's Supreme Court stated:

> Initially, the plaintiff may seek to obtain jurisdiction over a nonresident defendant by pleading the basis for service in the language of the statute without pleading the supporting facts. Fla.R.Civ.P. 1.070(i); *Jones v. Jack Maxton Chevrolet, Inc.*, 484 So.2d 43 (Fla. 1st DCA 1986). . . . A defendant wishing to contest the allegations of the complaint concerning jurisdiction or to raise a contention of minimum contacts must file affidavits in support of his position. The burden is then placed upon the plaintiff to prove by affidavit the basis upon which jurisdiction may be obtained.

Id. at 502.

The Affidavit filed by DR. PEREIRA in the instant case clearly establishes that Plaintiff cannot satisfy the requirements of Florida's Long-Arm Statute. [Exhibit 1]. Stated differently, the undisputed sworn evidence before this Court precludes its exercise of "specific" or "general" jurisdiction over Defendant DR. PEREIRA, a Portugese *citizen who is not domiciled in Florida.* [Exhibit 1]

[1] Florida law governs the reach of Section 48.193 and federal courts are thus required to abide by the Florida's Supreme Court's and intermediate appellate courts' interpretation and application of that statute. Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.39 1339, 1352 (11th Cir. 2013); United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 1999); Gregory v. EBF & Assocs., L.P., 595 F. Supp. 2d 1334, 1339 (S.D. Fla. 2009). All provisions of Florida's Long-Arm Statute are to be strictly construed. Sculptchair, *supra.* At 627; Gregory, *supra.* At 1338; Rexam Airspray, Inc. v. Arminak, 471 F. Supp. 2d 1292, 1298 (S.D. Fla. 2007). Moreover, "any doubts about the applicability of the statute must be resolved in favor of the defendant and against a conclusion that personal jurisdiction exists." Keston v. FirstCollect, Inc., 523 F. Supp. 2d 1348, 1352 (S.D. Fla. 2007); Gadea v. Star Cruises, Ltd., 949 So.2d 1143, 1150 (Fla.3d DCA 2007).

## II. The Court does not have "General Personal Jurisdiction pursuant to Section 48.193(2).

Florida courts have interpreted the "substantial and not isolated activity" requirement of Section 48.193(2), which confers "general" jurisdiction, to be the equivalent of "the 'continous and systematic general contacts' standard sufficient to satisfy the due process requirement of minimum contacts for general jurisdiction, as set forth by the Supreme Court in Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 104 Ct. 1868, 80 L. Ed. 2d 404 (1984). United Techs., 556 F. 3d at 1275 n.16 (citation omitted); *see* Biloki v. Majestic Greeting Card Co., Inc., 33 So. 3d 815, 820 (Fla. 4th DCA 2010). " ***General jurisdiction requires far more wide-ranging contacts with the forum state than specific jurisdiction, and it is thus more difficult to establish.***"' Biloki, *supra* (emphasis added).

Section 48.193(2) establishes "a much higher threshold"' because "the facts required to assert this general jurisdiction must be 'extensive and pervasive.''' Am. Overseas Marine Corp. v. Patterson, 632 So. 2d 1124, 1127-1128 (Fla. 4th DCA 1994). The Southern District of Florida has accordingly stated that "in order for general jurisdiction to exist, a defendant's contacts with Florida must be '***especially pervasive and substantial***' to satisfy §48.193(2)." Rexam, 471 F. Supp. 2d at 1300 (emphasis added). Sixteen years ago, the Eleventh Circuit observed that "limited and sporadic connections with the forum are not the sort of ***general systematic business contacts required*** to sustain the assertion of "general personal jurisdiction." Consol Dev. Corp. v. Sherritt, Inc., 216 F.3d 1286, 1292 (11th Cir. 2000) (emphasis added).

Furthermore, the United States Supreme Court in Helicopteros, *supra*, made it clear that 'unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." Helicopteros, 466 U.S. at 417, 104 S. Ct. at 1873. The United States Supreme

Court more recently observed that "general jurisdiction has come to occupy a less dominant place in the contemporary scheme" because it has increasingly focused on the " 'relationship among the defendant, the forum, and the litigation.' " Daimler AG v. Bauman, 134 S. Ct. 746, 758 (2014) (citation omitted). " '***For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile***.' " Id. at 760 (emphasis added).

**Here**, noticeably lacking from Plaintff's Amended Complaint are the mandated non-conclusory factually-specific allegations of DR. PEREIRA's purported "especially pervasive," "substantial and not isolated activities" in Florida. [(D.E. 1: pp-5-6, ¶¶ 17]. In fact, Plaintiffs have failed to allege any "general systematic business contacts required to sustain the assertion of general personal jurisdiction" whatsoever. See e.g. Consol. Dev. Corp., 216 F.3d at 1292. Accordingly, the exercise of "general" jurisdiction over DR. PEREIRA is statutorily and constitutionally unauthorized and improper.

## III. Plaintiffs' Malpractice Negligence Allegations do not Support the Exercise of "Specific" or "General" Jurisdiction.

Finally, it is undeniable that a basis for "specific" or "general" jurisdiction cannot exist under the jurisdictional and non-jurisdictional medical malpractice allegations pertaining to DR. PEREIRA in Plaintiffs' Complaint.

In Elmlund v. Mottershead, 750 So. 2d 736 (Fla. 3d DCA 2000), Florida's Third District Court of Appeal reviewed the application of personal jurisdiction over individual physicians providing medical care while onboard cruise vessels. In Elmlund, the personal representative's husband died while a passenger on a cruise liner operating out of Miami, allegedly as a result of maltreatment by the curise liner physician, who was an English citizen licensed to practice only in the United Kingdom. Id. at 737. The court dismissed the action against the individual physician

because there was no basis for the Florida long-arm jurisdiction sought by the personal representative on the physician. Id.

On appeal, the Third District, recognized that in order for Florida long-arm jurisdiction to apply, Section 48.193(1)(a) of the Florida Statutes requires doing business in the state and "connexity" between that business and an asserted cause of action. See Fla. Stat. 48.193(1). In lieu of connexity, Section 48.193(2) requires a "substantially heightened degree of Florida activity." Elmlund, 750 So. 2d at 737. See Fla. Stat. §48.193(2). In support of the determination that personal jurisdiction did not exist over the individual physician, the Third District in Elmlund reasoned that "there is no connexity under section 48.193(1)(a) between the present claim, which arose during the doctor's discrete, non-Florida activities on the high seas, and whatever he did in Florida." 750 So. 2d at 737. Moreover, the court also determined that the physician's "his incidental, almost entirely personal contacts with this state between voyages come nowhere close to the "substantial and non-isolated activit[ies] within this state' required by section 48.193(2)." Id.

Similarly, in Barnett v. Carnival Corporation, No. 06-22521-CIV, 2007 WL 1526658 (S.D. Fla. May 23, 2007), this District dismissed an action against a Carnival ship physician on the basis that the medical care was provided outside the territorial boundaries of Florida, therefore, finding there was insufficient contact with Florida to establish due process and personal jurisdiction over that physician. In doing so, this Court was persuaded by yet another Carnival decision, Laux v. Carnival Corporation, 470 F. Supp. 2d 1379, 1382 (S.D. Fla. 2007), where it explained:

> "Whether personal jurisdiction exists over a foreign physician practicing medicine on a cruise ship is a highly debated topic in the United States. Florida case law, however, is clear: Florida courts only have personal jurisdiction over a ship's doctor if the alleged malpractice occurred inside Florida territorial boundaries." (emphasis added)

Barnett, *supra*, at *1456 (emphasis added) (citing Laux, *supra*).

Following its holding and prior reasoning in *Barnett*, this District in Hesterly v. Royal Caribbean Cruises, No. 06-22862-CIV, 2008 WL 516495 (S.D. Fla. Feb. 25, 2008), concluded it did not have personal jurisdiction over two ship physicians who maintained citizenship and residence outside the United States. The Hesterly court noted that the ship physicians in question (residents of Sweden and Finland) did not have offices in Florida and had not treated patients within the territorial boundaries of Florida. As importantly, the district court likewise pointed out that the alleged medical malpractice occurred outside the territorial boundaries of Florida. Id.

Thereafter, in an unpublished opinion, this District followed the established precedent set forth in Barnett, Laux, and Hesterly by entering an order dismissing a foreign shipboard physician in Boney v. Carnival Corporation, Case No. 08-22299, Southern District of Florida, Miami Division [Exhibit 2]. In Boney, the court noted that the parties did not dispute that the subject cruise never traveled in the territorial waters of Florida. [Exhibit 2, at *2]. Given the shipboard physician's status as a foreign defendant, the Boney court concluded that it lacked personal jurisdiction over him to proceed. [Exhibit 2, at *8].

This rationale was followed in Rinker v. Carnival Corporation, No. 09-23154-CIV, 2011 WL 3163473 (S.D. Fla. July 26, 2011), where this District held that it lacked both specific and general jurisdiction over the defendant Australian nurse who provided medical treatment and treatment aboard a vessel in California. See Summers v. Carnival Corporation, Case No. 13-23932-CV-MCALILEY, 2015 WL 11983231, AT *3 (S.D. Fla. April 6, 2015) (granting ship's physician's motion to dismiss because plaintiff "failed to carry his burdent to show the continuous and systematic contracts between [the doctor] and Florida necessary to establish general personal jurisdiction over [him] pursuant to section 48.193(2)"); *see also* Taylor v. Gutierrez, 129 So. 3d

415 (Fla. 3d DCA 2013) (reversing denial of motion to dismiss for lack of personal jurisdiction where Florida trial court did not have "specific" jurisdiction in negligence action against shipboard physician by passenger on Caribbean cruise because passenger was not treated in Florida or within Florida territorial waters; court also lacked general personal jurisdiction over nonresident physician).[2]

In the case at bar, the Plaintiff's Amended Complaint alleges that RICHARD BURGESS was a passenger aboard the *Harmony of the Seas* and that he purportedly received below the standard of care medical treatment during the subject voyage. Particularly as it relates to DR. PEREIRA, it is undisputed that the ship was docked in San Juan, Puerto Rico during his care. As such, the medical care in question did not occur anywhere near Florida or its territorial waters. [Exhibit 1]. Therefore, similar to the rationale applied in *Elmlund*, *Barnett*, *Laux*, *Hesterly*, *Boney*, *Rinker*, *Taylor* and *Summers*, any medical care and treatment by DR. PEREIRA that would be at issue in this case could not constitute business activity in the state of Florida because the subject medical care was rendered outside of Florida and the territorial waters of Florida. [3] By the same token, the medical care in question does constitute contracts with Florida that are "especially pervasive and substantial' to satisfy §48.193(2)." Rexam, 471 F. Supp. 2d at 1300 (emphasis added). As a result, it is clear that this court lacks both "specific" and "general" personal jurisdiction over DR. PEREIRA.

---

[2] *Cf.* Farrell v. Royal Caribbean Cruises, Ltd., No. 11-24399-CV, 2013 WL 178367 (S.D. Fla. 2013) (dismissing complaint against ship's nurse who was a citizen and resident of South Africa upon finding that plaintiff was unable to establish specific or general personal jurisdiction).

[3] *Cf.* Benson v. Norwegian Cruise Line Ltd., 859 So. 2d 1213 (Fla. 3d DCA 2003) (holding that trial court had personal jurisdiction over individual doctor because care at issue was rendered within Florida waters; Rana v. Flynn, 823 So. 2d 302 (Fla. 3d DCA 2002) (holding that lower court had personal jurisdiction over individual doctor because care at issue was rendered while in the Port of Miami).

**CONCLUSION**

WHEREFORE, Defendant, JOAO MA POMBO FIDALGO PEREIRA, M.D., respectfully requests this Court to grant his Motion to Dismiss for Lack of Personal Jurisdiction.

Respectfully Submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Suite 1425
West Palm Beach, Florida 33401
Telephone: (561) 268-5727
Facsimile: (561) 268-5745

By: */s/ Michael J. Drahos*
Michael J. Drahos
Florida Bar No. 0617059
*michael.drahos@gray-robinson.com*
*lilia.parker@gray-robinson.com*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 30, 2020, the foregoing document was electronically filed with the Clerk of the /court using CM/ECF to the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/Michael J. Drahos*
Michael J. Drahos

SERVICE LIST

CASE NO.: 1:20-CV-20687-JEM

John H. Hickey, Esq.
Sarah A. Lobel, Esq.
Hickey Law Firm, P.A.
1401 Brickell Avenue, Suite 510
Miami, FL 33131
Telephone: (305)371-8000
Facsimile: (305) 371-3542
hickey@hickeylawfirm.com
slobel@hickeylawfirm.com

#42338626 v1