UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-22299-CIV-SEITZ/O'SULLIVAN

SCOTT BONEY and ELIZABETH BONEY,

Plaintiffs,

v.

CARNIVAL CORPORATION, et al.,

Defendants.

______________________________/

**ORDER GRANTING DEFENDANT DR. MILTON GRAULAU'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

THIS MATTER is before the Court on Defendant Dr. Milton Graulau's Motion to Dismiss For Lack of Personal Jurisdiction [DE-76]. This is an action by a ship passenger and his wife ("Plaintiffs") for damages arising from severe personal injuries the passenger allegedly incurred after he was assaulted on a cruise ship operated by Defendant Carnival Corporation ("Carnival"). Plaintiffs assert in their Third Amended Complaint causes of action against Carnival, Defendant Dr. Milton Graulau, a ship physician, and Defendant Kade McRae ("McRae"), the assailant. Dr. Graulau now moves to dismiss Plaintiff's claim against him on the ground that the Court lacks personal jurisdiction over Dr. Graulau. As the parties do not dispute that Dr. Graulau is a non-resident and that the cruise during which the assault occurred traveled from California to Mexico, never entering Florida's territorial waters, Dr. Graulau's motion to dismiss is granted and the claim against him is dismissed.

**A. Background Facts**

Plaintiff's Third Amended Complaint alleges that on or about September 17, 2007, McRae assaulted Plaintiff Scott Boney ("Boney") during a cruise on the Carnival ship *Elation*,



EXHIBIT
2

causing Boney to fall down a flight of stairs and incur significant physical and economic injuries. (DE-73, Third Amended Complaint ("TAC") ¶¶ 11, 20-23). These injuries include severe brain damage, physical pain and suffering, medical expenses, special transportation costs after being discharged from the vessel in Mexico, lost wages and impaired earning capacity. (TAC ¶ 23). As part of their Complaint, Plaintiffs assert one cause of action for negligence against Dr. Graulau. They allege Dr. Graulau unilaterally cancelled a helicopter flight to evacuate Boney from the *Elation* because he misdiagnosed the severity of Boney's condition and otherwise failed to exercise a duty to provide Boney with reasonable care under the circumstances. (TAC ¶¶ 32, 38-41). The parties do not dispute that the *Elation* traveled from California to Mexico during the cruise in question and never traveled in the territorial waters of Florida. (*See* DE-92, Graulau Affidavit ¶ 5; TAC ¶ 23 (stating vessel discharged in Mexico)).

Boney and his wife are residents of California. (TAC ¶ 1). A forum selection clause in Plaintiffs' passenger ticket states as follows: "[I]t is agreed by and between the Guest and Carnival that all disputes and matters whatsoever arising under, in connection with or incident to this Contract or the Guest's cruise ... shall be litigated ... before the United States District Court for the Southern District of Florida in Miami...." (DE-86-2 at 10).

Dr. Graulau is a resident of Mexico. (TAC ¶ 2). On September 11, 2007, he executed with Carnival an "Independent Contractor Agreement – Shipboard Physician Services" in which he agreed to provide physician services aboard a Carnival vessel from September 12, 2007 to September 22, 2007. (DE 73-1, Graulau Agreement ("Agreement") at page 1). In the Agreement, Dr. Graulau agreed to "indemnify and hold CARNIVAL harmless from and against any liability, loss, damage or claim ... caused by or arising out of the performance of [Graulau's]

services hereunder." (Agreement at page 2).

Though Dr. Graulau is a Mexico resident and the *Elation* was nowhere near Florida's territorial waters during the cruise, Plaintiffs nevertheless assert in their Third Amended Complaint that Dr. Graulau is subject to personal jurisdiction for three reasons: (1) he is a nonresident engaged in business or in a business venture in Florida; (2) he has contractually agreed to indemnify a Florida-based corporation; and (3) he is estopped from denying personal jurisdiction because he has obtained a significant benefit from Plaintiffs' passenger ticket contract. (TAC ¶¶ 2, 6). Dr. Graulau moves to dismiss for lack of personal jurisdiction, citing a substantial body of Florida law holding that Florida courts do not have personal jurisdiction over non-resident physicians for conduct taking place outside of Florida's territorial waters. As Plaintiffs have presented almost no facts connecting the underlying events or Dr. Graulau to Florida, the Court can dispense with Dr. Graulau's Motion quickly.

**B. Analysis**

To determine whether the Court has personal jurisdiction over Dr. Graulau, the Court must undertake a two-step analysis. *Sculptchair v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996). First, it "must determine whether the Florida long-arm statute provides a basis for personal jurisdiction." *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000). If the long-arm statute provides a basis for personal jurisdiction, the court must then "determine whether sufficient minimum contacts exist between the defendants and the forum state so as to satisfy 'traditional notions of fair play and substantial justice' under the Due Process Clause of the Fourteenth Amendment." *Id.* Plaintiffs bear the burden of proof of establishing that the Court has personal jurisdiction. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th

Cir. 1990).

However, under *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499 (Fla. 1989), a plaintiff can seek to obtain jurisdiction over a non-resident defendant by pleading a basis for personal jurisdiction without alleging supporting facts. When a plaintiff attempts to assert personal jurisdiction in this manner, the defendant then has a burden to prove by affidavit that the alleged bases for personal jurisdiction are unfounded. *Venetian*, 554 So. 2d at 502. "If the defendant's proof filed in support of the motion to dismiss contains facts in opposition to the jurisdictional grounds raised in the complaint, the burden then shifts back to the plaintiff to clearly show by competent proof that the allegations of the complaint justify personal jurisdiction." *Small v. Chicola*, 929 So. 2d 1122, 1124 (3rd DCA 2006). Here, Plaintiffs have identified in their Third Amended Complaint three bases for personal jurisdiction. The Court will first address Plaintiffs' purported grounds for personal jurisdiction under Florida's long-arm statute, then address their argument based on the forum selection clause in Plaintiffs' passenger ticket.

**1. Long-Arm Statute**

Plaintiffs claim that Dr. Graulau is covered by the long-arm statute under two of the enumerated contacts in § 48.193(1) that can invoke specific personal jurisdiction. Specific jurisdiction arises out of the defendant's activities in Florida that are related to the cause of action being litigated. *Consolidated Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000). "Under Fla. Stat. § 48.193(1), jurisdiction is only available where the defendant does an act enumerated in the statute in Florida and a cause of action has arisen from *doing that act in the state*." *Slaihem v. Marmarine Int'l Inc.*, 2001 U.S. Dist. LEXIS 14085, *6 (S.D. Fla. Feb. 20,

2001) (emphasis added). Florida's long-arm statute is to be strictly construed and the plaintiff has the burden of satisfying the relevant criteria. *Oriental Imports & Exports, Inc. v. Maduro & Curiel's Bank, N.V.*, 701 F.2d 889, 891 (11th Cir. 1983). Since the reach of the long-arm statute is a question of Florida law, the Court must apply state law in determining whether Plaintiffs have properly invoked the statute. *Id.* at 890-891.

**a. Business Venture**

Plaintiffs first argue that the Court has personal jurisdiction over Dr. Graulau for "[o]perating, conducting, engaging in, or carrying on a business or business venture in this state." Fla Stat. § 48.193(1)(a). They argue that because Dr. Graulau has agreed to provide services for Carnival, which maintains its principal place of business in Miami, Florida, he was conducting a "business venture in this state" when the underlying events occurred. However, Florida courts require a "connexity" between the business venture and the asserted cause of action, i.e. a "direct affiliation, nexus, or substantial connection ... between the basis for the plaintiff's cause of action and the defendant's business activity in the state." *Elmlund v. Mottershead*, 750 So. 2d 736, 737 (Fla. DCA 3rd 2000); *Gadea v. Star Cruises, Ltd.*, 949 So. 2d 1143, 1149-1150 (Fla. DCA 3rd 2007). A plaintiff cannot establish connexity when there is no proof of "the commission of a tort in Florida waters." *Hesterly v. Royal Caribbean Cruises, Ltd.*, 2008 WL 516495, *8 (S.D. Fla. Feb. 25, 2008) (court lacks personal jurisdiction under "business venture" provision for doctors on ship that departed from Miami when alleged malpractice was committed outside of Florida's territorial waters).

Here, where the Plaintiffs are California residents, defendant is a Mexico resident, and the cruise ship never entered Florida territory at any point, the Court unquestionably lacks personal

jurisdiction over Dr. Graulau under the "business venture" provision . *See Elmlund*, 750 So. 2d 736 (Fla. DCA 3rd 2000) ("business venture" provision does not confer personal jurisdiction over doctor who allegedly committed negligence outside of Florida territorial waters, even though ship originated in Miami)[1]; *Laux v. Carnival Corp.*, 470 F. Supp. 2d 1379 (S.D. Fla. 2007) (same).

**b. Insurance Agreement**

Second, Plaintiffs claim that the long-arm statute also confers personal jurisdiction over Dr. Graulau for "[c]ontracting to insure any person, property, or risk located within this state at the time of contracting." Fla Stat. § 48.193(1)(d). Plaintiffs argue that the insurance provision should apply to Dr. Graulau since he entered into an indemnification agreement with Carnival. Section 48.193(1)(d) "is designed to control situations in which acts or omissions committed outside the state (usually manufacturing) cause injury to Florida residents located within the state at the time of the injury." *Price v. Point Marine, Inc.*, 610 So. 2d 1339, 1342 (Fla. DCA 1st 1992).

Because this action involves a personal injury to a non-resident that occurred outside of Florida, the Court does not have personal jurisdiction over Dr. Graulau under the insurance provision. *See, e.g., Barnett v. Carnival Corp.*, 2007 WL 1526658, at *3 (S.D. Fla. May 23, 2007), (plaintiff failed to show that cruise doctor agreed to insure something or someone within Florida). Dr. Graulua could not reasonably foresee that his service on a ship traveling from

[1] Plaintiffs incorrectly claim that *Benson v. Norwegian Cruise Line Ltd.*, 859 So. 2d 1213 (Fla. DCA 3rd 2003) supports their position. *Benson* states in dicta that a doctor, under a contract of employment, sailing on a ship departing from and returning to Florida is engaging in business in Florida. *Benson*, 859 So. 2d at 1217, n.6. However, Dr. Graulau was not sailing on a ship departing from or returning to Florida.

California to Mexico would subject him to a lawsuit in Florida. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980) (personal jurisdiction appropriate when "the defendant's conduct and connections with the forum State are such that he should reasonably anticipate being haled into court there"); *Barnett*, 2007 WL 1526658, at *3 ("the risk insured was for the performance ... of duties as ship doctor on a ship that sails out of California and Mexico – not anywhere near Florida"). Therefore, the Court cannot assert personal jurisdiction over Dr. Graulau under Florida's long-arm statute.[2]

**2. Forum Selection Clause**

Finally, Plaintiffs claim that Dr. Graulau should be estopped from denying the Court has personal jurisdiction because the forum selection clause in Plaintiffs' passenger ticket with Carnival requires them to file suit against Dr. Graulau in Miami, Florida. However, under Florida law, "a forum selection clause is not a sufficient basis for a conferral of personal jurisdiction unless there is an independent basis for personal jurisdiction under [Florida's long arm statute]." *Slaihem v. Sea Tow Bahamas Ltd.*, 148 F. Supp. 1343, 1348 (S.D. Fla. 2001); *see also, McRae v. J.D./M.D. Inc.*, 511 So. 2d 540, 543 (Fla. 1987)[3] ("Conspicuously absent from the long arm statute is any provision for submission to in personam jurisdiction merely by

---

[2] Moreover, Plaintiffs cannot establish that Dr. Graulau has sufficient minimum contacts with Florida so that the suit against him "would not offend traditional notions of fair play and substantial justice." *Meyer v. Auto Club Ins. Ass'n*, 492 So. 2d. 1314, 1315 (Fla. 1986). Plaintiffs have not presented any proof, outside of his short-term contract with a company having a principal place of business in Florida, that Dr. Graulau has any contacts with the state. *See Barnett*, 2007 WL 1526658, *2.

[3] The Florida Legislature enacted a law two years after *McRae* was decided providing that parties to certain kinds of contracts concerning transactions involving $250,000 or more could submit to personal jurisdiction in Florida. Fla. Stat. §§ 685.101-102; *Jetbroadband WV, LLC v. MasTecNorth America, Inc.*, 13 So. 3d 159, 161 (Fla. DCA 3rd 2009). Plaintiffs have not argued that this law could apply in this case and there is no reason to think it could apply to a Carnival passenger ticket, which presumptively concerns a transaction worth much less than $250,000.

contractual agreement.") As a result, even assuming Dr. Graulau was a party to or beneficiary of the passenger ticket, the forum selection clause would not subject him to personal jurisdiction in Florida. As Plaintiffs have not offered proof supporting any of the grounds for personal jurisdiction over Dr. Graulau asserted in their Third Amended Complaint, it is hereby

ORDERED that

(1) Defendant Dr. Milton Graulau's Motion to Dismiss For Lack of Personal Jurisdiction [DE-76] is GRANTED;

(2) Count V of the Third Amended Complaint is dismissed; and

(3) Defendant Dr. Milton Graulau's Motion for Status Conference is DENIED as it is moot [DE-110].

DONE AND ORDERED in Miami, Florida, this 29th day of October, 2009.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All counsel of record