UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

RICHARD BURGESS, Individually, and by and through DARREN HENZE as Guardian of the Person and Estate of Richard Burgess, incapacitated and as agent under that certain durable power of attorney dated November 20, 2006.

CASE NO: 1:20-cv-20687-OTAZO-REYES

Plaintiffs,

v.

ROYAL CARIBBEAN CRUISES LTD., a Liberian Corporation d/b/a ROYAL CARIBBEAN CRUISE LINE and/or ROYAL CARIBBEAN INTERNATIONAL, JOAO PEREIRA, MICHIEL ADRIAAN ETSEBETH.

Defendants.

_________________________________/

**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT DATED NOVEMBER 20, 2020**

Defendant, ROYAL CARIBBEAN CRUISES, LTD., by and through its undersigned counsel, hereby provides this Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint dated November 20, 2020 as follows:*

1. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 1 of Plaintiff's Second Amended Complaint.

2. It is admitted that Plaintiff was a passenger aboard the *Harmony of the Seas*. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 2(b) of the Plaintiff's Second Amended Complaint.

3. It is admitted that the Court maintains personal jurisdiction over Defendant Royal Caribbean only, in this matter only.

4. It is admitted that the Court maintains subject matter jurisdiction by virtue of admiralty or maritime jurisdiction.

5. It is admitted that the Court maintains personal jurisdiction over Defendant Royal Caribbean only, in this matter only. It is admitted that the venue is correct pursuant to the forum selection clause in the Passenger Ticket Contract issued by Defendant Royal Caribbean.

6. Denied.

7. The allegations contained in Paragraph 7 do not appear to be directed to Defendant Royal Caribbean and therefore do not require a response. To the extent any of the foregoing allegations could reasonably be construed to being directed to and/or alleging fault to Defendant Royal Caribbean, same are hereby denied.

8. It is admitted that general maritime law applies in this case.

9. It is admitted that Plaintiff was a passenger on the *Harmony of the Seas* at all times material hereto.

10. It is admitted that Defendant owed a duty to act reasonably under the circumstances.

11. It is admitted that Defendant's cruises are safe and secure, and that Defendant offers medical services aboard its vessels to its passengers and crew, and that such medical services meet or exceed the guidelines set forth by the American College of Emergency Physicians.

12. It is admitted that every ship in Defendant Royal Caribbean's fleet has a dedicated medical facility staffed with physicians and nurses. Defendant hereby moves to strike the entries in Plaintiff's Second Amended Complaint that contain immaterial and/or expired hyperlinks.

13. It is admitted that shipboard doctors and nurses are available during regular clinic hours, and 24 hours for emergencies. Defendant hereby moves to strike the entries in Plaintiff's Second Amended Complaint that contain immaterial and/or expired hyperlinks.

14. It is admitted that shipboard physicians and nurses meet or exceed credentialing guidelines established by the cruise ship medicine section of the American College of Emergency Physicians who are experienced in general medicine as well as emergency care. Defendant hereby moves to strike the entries in Plaintiff's Second Amended Complaint that contain immaterial and/or expired hyperlinks.

15. It is admitted that the qualifications of shipboard physicians and nurses, and the equipment available in the ship's medical centers met or exceeded guidelines established by the cruise ship medicine section of the American College of Emergency Physicians who are experienced in general medicine as well as emergency care. Defendant hereby moves to strike the entries in Plaintiff's Second Amended Complaint that contain immaterial and/or expired hyperlinks.

16. Denied as written. Defendant hereby moves to strike the entries in Plaintiff's Second Amended Complaint that contain immaterial and/or expired hyperlinks.

17. It is admitted that shipboard physicians are capable of providing the highest quality of medical care to ship passengers.

18. Denied.

19. Denied.

20. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Second Amended Complaint.

21. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 21 of Plaintiff's Second Amended Complaint.

22. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 22 of Plaintiff's Second Amended Complaint.

23. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 23 of Plaintiff's Second Amended Complaint.

24. It is admitted that Plaintiff was treated in the ship's medical center on February 18, 2019 by Dr. Michiel Adriaan Etsebeth and nurse Lilibeth Rivera.

25. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 25 of Plaintiff's Second Amended Complaint.

26. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 26 of Plaintiff's Second Amended Complaint.

27. Admitted.

28. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 28 of Plaintiff's Second Amended Complaint.

29. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 29 of Plaintiff's Second Amended Complaint.

30. It is admitted that Plaintiff was treated by Dr. Joao Pereira and Nurse Mary Bremner in the ship's medical center on February 21, 2019.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 39 of Plaintiff's Second Amended Complaint.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 45 of Plaintiff's Second Amended Complaint.

46. Denied.

47. Denied. Defendant hereby moves to strike Paragraphs (a) through (f) as irrelevant and immaterial.

48. It is admitted that Defendant is vicariously liable for the acts of its shipboard medical personnel while acting within the course and scope of their employment. It is denied that the medical personnel committed negligent acts.

49. Admitted.

50. Admitted.

51. It is admitted that Nurses Lilibeth Rivera and Mary Bremner were employees working in the ship's medical center.

52. It is admitted that Drs. Pereira and Etsebeth and Nurses Lilibeth Rivera and Mary Bremner were hired to provide medical and emergency medical treatment to crew and passengers aboard the *Harmony of the Seas* during the subject voyage.

53. It is admitted that Drs. Pereira and Etsebeth and Nurses Lilibeth Rivera and Mary Bremner were employees working in the ship's medical center during the subject voyage.

54. It is admitted that Drs. Pereira and Etsebeth and Nurses Lilibeth Rivera and Mary Bremner were employees working in the ship's medical center during the subject voyage. However, it is denied that Defendant Royal Caribbean exercised control over their medical judgment and clinical practice.

55. It is admitted that Drs. Pereira and Etsebeth and Nurses Lilibeth Rivera and Mary Bremner were employees working in the ship's medical center during the subject voyage.

56. It is admitted that Drs. Pereira and Etsebeth and Nurses Lilibeth Rivera and Mary Bremner were employees working in the ship's medical center during the subject voyage.

57. It is admitted that Drs. Pereira and Etsebeth and Nurses Lilibeth Rivera and Mary Bremner were employees working in the ship's medical center during the subject voyage.

58. Denied.

59. Denied.

60. It is admitted that Drs. Pereira and Etsebeth and Nurses Lilibeth Rivera and Mary Bremner were employees working in the ship's medical center during the subject voyage.

## COUNT I:
## NEGLIGENT MEDICAL TREATMENT – VICARIOUS LIABILITY OF CRUISE LINE: ACTUAL AGENCY/RESPONDEAT SUPERIOR (FIRST MEDICAL EMERGENCY –FEB. 19, 2019)

61. Defendant reasserts its responses to Paragraphs 1 through 55 as though fully set forth herein.

62. Denied.

63. It is admitted that Defendant owed a duty to act reasonably under the circumstances.

64. It is admitted that Dr. Etsebeth and Nurse Lilibeth Rivera were employees working in the ship's medical center during the subject voyage.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

**COUNT II:**
**NEGLIGENT MEDICAL TREATMENT- VICARIOUS LIABILITY OF CRUISE LINE: APPARENT AGENCY/AGENCY BY ESTOPPEL**
**(FIRST MEDICAL EMERGENCY – FEB. 18, 2019)**

69. Defendant reasserts its responses to Paragraphs 1 through 47 and 56 through 60 as though fully set forth herein.

70. Denied.

71. It is admitted that Defendant owed a duty to act reasonably under the circumstances.

72. It is admitted that Dr. Etsebeth and Nurse Lilibeth Rivera were employees working in the ship's medical center during the subject voyage.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

**COUNT III:**
**NEGLIGENT FAILURE TO EVACUATE PASSENGER AND/OR EVACUATE PASSENGER APPROPRIATELY- DIRECT LIABILITY OF THE CRUISE LINE**
**(FIRST MEDICAL EMERGENCY – FEB. 18, 2019)**

77. Defendant reasserts its responses to Paragraphs 1 through 47 as though fully set forth herein.

78. Denied.

79. It is admitted that Defendant owes a duty to act reasonably under the circumstances.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

**COUNT IV:**
**NEGLIGENT MEDICAL TREATMENT – VICARIOUS LIABILITY OF CRUISE LINE: ACTUAL AGENCY/RESPONDEAT SUPERIOR**
**(SECOND MEDICAL EMERGENCY – FEB. 21, 2019)**

84. Defendant reasserts its responses to Paragraphs 1 through 55 as though fully set forth herein.

85. Denied.

86. It is admitted that Defendant owes a duty to act reasonably under the circumstances.

87. It is admitted that Dr. Pereira was an employee working in the ship's medical center during the subject voyage.

88. Denied.

89. Denied.

90. Denied.

**COUNT V:**
**NEGLIGENT MEDICAL TREATMENT – VICARIOUS LIABILITY OF CRUISE LINE: APPARENT AGENCY**
**(SECOND MEDICAL EMERGENCY – FEB. 21, 2019)**

91. Defendant reasserts its responses to Paragraphs 1 through 47 and 56 through 60 as though fully set forth herein.

92. Denied.

93. It is admitted that Defendant owed a duty to act reasonably under the circumstances.

94. It is admitted that Dr. Pereira was an employee working in the ship's medical center during the subject voyage.

95. Denied.

96. Denied.

97. Denied.

## COUNT VI: NEGLIGENT FAILURE TO ARRANGE FOR EMERGENCY TRANSPORT TO CLOSEST MEDICAL FACILITY – DIRECT LIABILITY OF THE CRUISE LINE (SECOND MEDICAL EMERGENCY – FEB. 21, 2019)

98. Defendant reasserts its responses to Paragraphs 1 through 47 as though fully set forth herein.

99. Denied.

100. It is admitted that Defendant owed a duty to act reasonably under the circumstances.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

## COUNT VII: NEGLIGENT HIRING AND SELECTION OF ONBOARD MEDICAL STAFF – DIRECT LIABILITY OF THE CRUISE LINE

106. Defendant reasserts its responses to Paragraphs 1 through 47 as though fully set forth herein.

107. Denied.

108. It is admitted that Defendant owes a duty to act reasonably under the circumstances.

109. It is admitted that the Defendant completed an appropriate investigation into the qualifications and background of its shipboard doctors and nurses to ensure they were competent and fit to perform their duties.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

**COUNT VIII:**
**NEGLIGENT PROVISIONING AND EQUIPPING OF MEDICAL FACILITY- DIRECT LIABILITY OF THE CRUISE LINE**

116. Defendant reasserts its responses to Paragraphs 1 through 47 as though fully set forth herein.

117. Denied.

118. It is admitted that Defendant owes a duty to act reasonably under the circumstances.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

* Any allegations not specifically admitted to herein are hereby denied.

**AFFIRMATIVE DEFENSES**

In Answering further, Defendant would also affirmatively state as follows:

A. This action is governed by and subject to the terms, limitations and conditions contained within the Plaintiff's Passenger Ticket Contract.

B. Defendant fully discharged its duty to act reasonably under the circumstances in that it adhered to the guidelines for onboard medical facilities recommended by the American College of Emergency Physicians. Furthermore, Plaintiff was provided access to a licensed physician aboard the vessel who rendered reasonable medical care and appropriately counseled Plaintiff.

C. Plaintiff's damages were caused or exacerbated as a result of intervening and superseding factors that are independent of any fault of Defendant and which were not reasonably foreseeable to it.

D. Plaintiff did not exercise ordinary care, caution, or prudence for his own welfare to avoid the happening of the alleged incident, injuries or damages, if any, the existence of which Defendant expressly denies, and by this failure to do so, the Plaintiff thereby directly and proximately contributed to the happening of said alleged injuries, losses and damages, if any, the existence of which the Defendant expressly denies.

E. Plaintiff has a duty to mitigate the losses or damages claimed against Defendant by taking advantage of any reasonable opportunity that might exist under the circumstances to reduce or minimize the loss or damage.

F. Plaintiff's claims are governed by maritime law and any recovery is limited to same.

G. This Defendant is entitled to a set-off for all sums paid or payable by collateral sources.

H. Plaintiff was himself negligent and therefore Plaintiff is either barred from recovery or the damages in this case must be apportioned and reduced in proportion to the share of negligence attributable to the Plaintiff.

I. Plaintiff failed to seek timely medical treatment for his condition which caused and/or exacerbated his damages and/or failed to follow up, participate in, or attend subsequent medical care and treatment which has delayed/negatively affected his recovery.

J. Plaintiff's damages, if any, were solely and proximately caused by an intervening and/or superseding medical condition or event, which was not itself the result of any negligence on the part of this Defendant and, accordingly, recovery against this Defendant must be denied.

K. This action is barred in whole or in part by the applicable statute of limitations.

L. As to any alleged medical expenses that were contractually reduced, Plaintiff should only be permitted to introduce evidence showing the actual and reasonable costs of the medical bills and not the unreduced amount.

M. The Plaintiff's damages were the result of a pre-existing injury/condition. Assuming, arguendo, that any pre-existing mental or physical injury or illness was aggravated by any alleged incident herein, for which this Defendant expressly denies any responsibility, the Plaintiff is only entitled to reimbursement for the degree of aggravation and any and all recovery obtained herein must be reduced to the percentage of aggravation which the Plaintiff allegedly suffered as a result of the subject incident.

N. The Plaintiff's damages were caused in whole or in part by the action and/or inaction of third parties for whom this Defendant is not responsible for, including but not limited to any and all healthcare providers who rendered treatment to Plaintiff before the subject cruise and/or after the subject cruise.

O. Defendant has not specifically or intentionally waived any affirmative defenses and specifically reserves the right to allege additional affirmative defenses as they may present themselves in response to information that becomes available through discovery in the future.

Respectfully submitted,

GRAY ROBINSON, P.A.
515 North Flagler Drive, Suite 1425
West Palm Beach, Florida 33401
Telephone: (561) 268-5727
Facsimile: (561) 268-5745

By: */s/ Michael J. Drahos*
Michael J. Drahos
Florida Bar No. 0617059
*michael.drahos@gray-robinson.com*
*lilia.parker@gray-robinson.com*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 1, 2020, the foregoing document was electronically filed with the Clerk of the /court using CM/ECF to the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/Michael J. Drahos*
Michael J. Drahos

SERVICE LIST

CASE NO.: 1:20-CV-20687-OTAZO-REYES

John H. Hickey, Esq.
Sarah A. Lobel, Esq.
Hickey Law Firm, P.A.
1401 Brickell Avenue, Suite 510
Miami, FL 33131
Telephone: (305)371-8000
Facsimile: (305) 371-3542
hickey@hickeylawfirm.com
slobel@hickeylawfirm.com