UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

RICHARD BURGESS, Individually, and by and through DARREN HENZE as Guardian of the Person and Estate of Richard Burgess, incapacitated and as agent under that certain durable power of attorney dated November 20, 2006.

CASE NO: 1:20-cv-20687-JEM

Plaintiffs,

v.

ROYAL CARIBBEAN CRUISES LTD., a Liberian Corporation d/b/a ROYAL CARIBBEAN CRUISE LINE and/or ROYAL CARIBBEAN INTERNATIONAL, JOAO PEREIRA, MICHIEL ADRIAAN ETSEBETH.

Defendants.
_______________________________/

**DEFENDANT ROYAL CARIBBEAN CRUISES LTD. RESPONSE TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION**

Defendant, ROYAL CARIBBEAN CRUISES LTD, by and through its undersigned counsel, hereby responds to Plaintiff's Second Request for Production as follows:

1. Any and all contracts, agreements, emails, notes, memos and all other materials, and attachments and exhibits thereto, which show, indicate or refer to any agreement or scope of responsibilities and duties between the ships agent on the one hand and the ship or cruise line on the other hand for San Juan, Puerto Rico as of the date of this cruise. For all such material which is electronic data, this request is for the material printed out AND for the electronic data in native format.

**Objection; Request No. 1 is unnecessarily overbroad in scope and thus calls for information that is not reasonably calculated to lead to the discovery of admissible evidence. The Request is also unduly burdensome. Defendant contends that the Request is overbroad in scope because it seeks "any and all emails, notes, memos and all other material" which could "indicate or refer to any agreement or scope of responsibilities and duties" which is unreasonably vague, not tailored to the specific issues of this case, and nearly impossible to try and respond to. Instead, and without waiving the foregoing objections, please see copy**

**of Defendant's contract with the port agent in San Juan provided in Response to Plaintiff's Request for Production No. 24 [Bates stamped GR000115-142], which specifically explains the scope of responsibilities and duties between the parties.**

2. Any and all job description forms for every position on the ship and on land whose responsibilities in whole or in part were as of the days of this cruise to deal with any cruise passengers who suffered from an urgent or emergent medical condition whether in regard to diagnosis, treatment, medical management, transportation of the passenger to a land based medical facility, communication, and/or logistics of the cruise passenger or their families.

**Objection; Request No. 2 is vague and overbroad in scope and thus calls for information that is not reasonably calculated to lead to the discovery of admissible evidence. The Request is vague and overbroad because it seeks job descriptions for every position on the ship and shoreside who could potentially have a responsibility (in whole or in part) to "deal with" any cruise passengers who suffer a medical emergency. First and foremost, "deal with" is undefined and subject to numerous interpretations. Second, every medical emergency is unique in circumstance, and thus, it is not possible for Defendant to definitively answer Request No. 2 as currently phrased. Finally, Request No. 2 is not reasonably tailored to the material issues in this case, as it is not requesting who was involved in the subject incident, but instead who is involved in hypothetical incidents that vary by circumstance. Without waiving the foregoing objections, please see the job descriptions for the ship doctors and nurses provided in Response to Plaintiff's Request No. 32 and 33 [Bates stamped GR000155-184] who are responsible for diagnosis, treatment, and medical management. As it relates to transportation to a land based medical facility, there are too many variables to accurately respond as it depends entirely upon the circumstances. As it relates to communication, this again is too variable to respond to specifically as it depends upon the circumstances, but generally this could involve the ship doctors or nurses, as well as the RCCL Care Team. A copy of the Care Team job description has previously been provided in Response to Plaintiff's Request No. 34 [Bates stamp GR000186-229]. Finally, as it relates to logistics, it is entirely dependent upon the circumstances. However, generally the person(s) involved include the ship doctor, ship's bridge (primarily Captain and/or Staff Captain), potentially the U.S. Coast Guard, and the Medical Director. A copy of the Medical Director's job description is attached. A copy of the Captain and Staff Captain's job descriptions have been requested and will be provided upon receipt.**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of October, 2020, a copy of the foregoing has been furnished by electronic mail to John H. Hickey, Esq., Sarah A. Lobel, Esq., Hickey Law Firm, P.A., hickey@hickeylawfirm.com and slobel@hickeylawfirm.com

Respectfully Submitted,

GRAYROBINSON, P.A.
515 North Flagler Drive, Suite 1425
West Palm Beach, Florida 33401
Telephone: (561) 268-5727
Facsimile: (561) 268-5745

By: */s/ Michael J. Drahos*
Michael J. Drahos
Florida Bar No. 0617059
*michael.drahos@gray-robinson.com*
*lilia.parker@gray-robinson.com*