UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 1:20-cv-20687- OTAZO-REYES

AT LAW AND IN ADMIRALTY

RICHARD BURGESS individually and
by and through DARREN HENZE
as Guardian of the Person and Estate
of Richard Burgess, incapacitated and
as agent under that certain durable power
of attorney dated November 20, 2006.

Plaintiffs,

v.

ROYAL CARIBBEAN CRUISES LTD.,
a Liberian Corporation, d/b/a
ROYAL CARIBBEAN CRUISE LINE and/or
ROYAL CARIBBEAN INTERNATIONAL

Defendants.
_________________________________/

## PLAINTIFFS' OMNIBUS MOTION IN LIMINE

The Plaintiffs, by and through undersigned counsel, file their Omnibus Motion in Limine and state the following:

## Applicable Law

The purpose of a "motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably [a]ffect the fairness of the trial." *In re Seroquel Prods. Liab. Litig.*, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). A motion in limine allows a court "to exclude anticipated prejudicial evidence before the evidence is actually offered." *United States v. Fernetus*, 838 F. App'x 426, 432 (11th Cir. 2020).

"The starting place for evidentiary admissibility is relevance." *United States v. McGregor*, 960 F.3d 1319, 1323 (11th Cir. 2020). Evidence is said to be "relevant" if it has "any tendency to

make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Irrelevant evidence is inadmissible." *United States v. Stephenson*, 550 F. Supp. 3d 1246, 1250 (M.D. Fla. 2021); *see also* Fed. R. Evid. 402. Even relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

**<u>Specific evidence to be excluded</u>**

Plaintiffs respectfully request that the Court exclude all testimony, evidence, and/or argument pertaining to the topics discussed below. To the extent the Court finds that any of the topics are not sufficiently specific to allow the Court rule before trial, Plaintiffs will supplement their arguments if and when the specific issue presents itself during trial, thereby allowing the Court to rule contemporaneously. Nevertheless, Plaintiffs raise these issue now to place Defendant on notice well before trial so that defense counsel can avoid referencing inadmissible evidence during voir dire and opening statements, and can tailor their witness examinations appropriately.

**1. No testimony, evidence or argument referencing Mr. Burgess's HIV-positive status**

The Court should enter an order precluding Defendant from presenting any testimony, evidence or argument concerning the fact that Richard Burgess is HIV-positive. Such evidence is wholly irrelevant to the issues presented at trial and any probative value is substantially outweighed by the obvious prejudicial effect of that evidence.

This case is about Defendant's failure to exercise reasonable care in disembarking Mr. Burgess from its cruise ship for treatment of the ***stroke*** that he suffered on February 21, 2019. Specifically, Plaintiffs allege that Royal (*i*) failed to act with sufficient urgency in medically

disembarking Mr. Burgess to a shoreside hospital after its shipboard medical staff determined he was suffering an urgent medical emergency—namely, a stroke; and (*ii*) further contributed to the delay in Mr. Burgess's treatment by sending him to HIMA San Pablo Caguas Hospital ("HIMA Caguas") when there were other hospitals significantly closer to the Port of San Juan capable of administering the medication he urgently needed to treat his stroke. The trial of this case will require the presentation of extensive medical records. As with many medical records, some of Mr. Burgess's records detail his medical history, including the fact that he is HIV-positive status, by way of standard background information. But his HIV status has no bearing on any issue in this case. There is no evidence in the record that Royal's shipboard medical staff was even aware of Mr. Burgess's HIV status as they treated him for his stroke, much less that it affected Royal's conduct relevant to his treatment and medical disembark. (*See* DE 100-12, at 1 - Royal Shipboard Medical Records) (stating, under "Medical History" portion, "No Past Medical History documented"). And no expert witness, on either side, has opined that Mr. Burgess's HIV status had any effect on the standard of care for treating the stroke.

In short, his HIV status is utterly irrelevant to this case and Defendant has no reason to discuss it at trial. Worse, because HIV is a disease that historically has been associated not only with the gay community, but also with intravenous drug users, discussing Mr. Burgess's HIV-positive status creates a serious danger that jurors could be biased against Plaintiffs. The Court should enter an order precluding references to Mr. Burgess's HIV-positive status. *See, e.g.*, *Doe v. Mount Sinai Med. Center of Florida*, 2008 WL 11406059, *1 (S.D. Fla. Feb. 20, 2008) (excluding evidence of plaintiff's HIV-positive status and noting "a litigant's health condition should not be disclosed to a jury when the condition has no bearing or relationship to the case"); *United States v. Crown,* 2000 WL 709003, *3 (S.D.N.Y. May 31, 2000) ("[E]ven if the HIV/AIDS evidence

were probative of a material proposition, the Court finds that its probative value would be outweighed by its potential prejudicial effect on the jury.").

**2. No statements by defense counsel seeking to inject his personal experience, thoughts, or beliefs into this case**

Royal's defense counsel has, on various occasions throughout this case, made certain statements concerning his personal beliefs, background and experiences, all of which would be inappropriate before a jury at trial. Those statements concerned, for example, counsel's personal experience and dedication to defending cruise ship doctors in litigation, counsel's experience and/or expertise in defending stroke cases, and counsel's personal family experience with the tort system or lawsuits in general. While the statements of counsel are not evidence in the first place, any such statements, if made at trial, would be irrelevant and, therefore, inadmissible under Rule 401.

Moreover, such statements would be improper as a clear breach of ethical standards. *See, e.g.*, Rules Regulating the Florida Bar, Rule 4-3.4(e) ("A lawyer must not…allude to any matter that the lawyer does not reasonably believe is relevant…assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, the culpability of a civil litigant…").[1] In short, defense counsel's statements of personal belief, background and/or experience have no place in the trial of this case and should be excluded. *See United States v. Young*, 470 U.S. 1, 9 (1985) ("Defense counsel, like the prosecutor, must refrain from interjecting personal beliefs into the presentation of his case.") (citing ABA Model Rules of Professional Responsibility and ABA Model Rules of Professional Conduct); *Bonn v. L-3 Commc's Vertex Aerospace, LLC*, 2010 WL 11640208, *10 (N.D. Fla. Sept. 1, 2010) (granting

[1] All counsel who are expected to be representing the litigants at trial are Florida-barred attorneys and, therefore, subject to this rule.

motion in limine preventing "counsel from making statements about his own expertise in aviation in the jury's presence").

**3. Dr. Nobo should be precluded from testifying with respect to capabilities of ambulance services and/or 911 service in Puerto Rico**

Plaintiffs expect that Royal will seek to elicit testimony from Dr. Ulises Nobo, who treated Mr. Burgess when he arrived at HIMA Caguas on February 21, 2019, concerning the general practices and effectiveness of ambulance services and/or the 911 emergency response system in Puerto Rico. Dr. Nobo is a vascular neurologist. (DE 87-5 at 10). He is not an emergency room physician whose job is to receive patients brought to the hospital via ambulance. In fact, Dr. Nobo described HIMA Caguas's protocol for receiving stroke patients as follows:

> The protocol involved once the patient arrived by ambulance, or any way, any patient that that hit the emergency room will be triaged immediately, symptoms identified. And if the symptoms matched the symptoms any stroke patient has, they will activate a stroke call. What it means is that, in addition to being me the person activate it, there's a team of nursing from the stroke team, the emergency room physician, the emergency room nurses, that they all come to see this patient. And the protocol is to take the patient right away for a CAT scan, which is our number one priority.

(DE 87-5 at 173). While Dr. Nobo was certainly a critical member of the medical team that ultimately was summoned to treat stroke patients after they arrived at HIMA Caguas, he was not tasked with patient intake or any other duties that would give him any expertise concerning the response times or capabilities of the ambulances transporting those patients. Nor is there any record evidence that Dr. Nobo has any first-hand knowledge of the 911 emergency response system in Puerto Rico. Just because Dr. Nobo ultimately treated patients, some of whom may have arrived at HIMA Caguas via ambulance or after dialing 911, it does not follow that he is competent to opine on the practices or effectiveness of the systems that transported them there.

Because he had direct involvement in ambulance dispatch or the 911 emergency response system, Dr. Nobo lacks personal knowledge necessary to render him competent to opine on those subjects. *See* Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). Dr. Nobo has not been disclosed as expert witness in this case and, as such, he is not permitted to testify based on matters outside of his personal knowledge. *See* Fed. R. Evid. 703. Accordingly, the Court should preclude Dr. Nobo from offering any such testimony at trial.

**4. Royal's Corporate Representative should be precluded from giving testimony about subjects about which he claimed to have no knowledge during his deposition**

At deposition, Royal's corporate representative, Dr. Ben Shore, claimed to have no knowledge about various topics noticed for examination. For example, he testified that he had no knowledge about the 911 system in Puerto Rico. (*See* Dep. of Dr. Ben Shore, DE 99-2, at 227-28).[2] Dr. Shore further testified that he had he had no knowledge concerning the alleged communications between Dr. Pereira, the ship's physician, and the staff at HIMA-Caguas. (*Id.* at 284-85).

Royal should not be permitted to produce a corporate representative witness at trial that now suddenly has knowledge that was not provided at deposition. Instead, Royal must be bound by the testimony of its corporate representative on all topics, which naturally includes the absence of information that witness could have provided in response to Plaintiffs' questions at the corporate representative deposition. It would be fundamentally unfair if Royal were permitted to surprise Plaintiffs at trial with facts or evidence it previously failed to disclose. *See Kartagener*, 380 F. Supp.3d at 1298 (citing *QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676 (S.D. Fla.

[2] As Dr. Shore's deposition is already on file with the Court, Plaintiff will not burden the Court with needless voluminous filings by re-filing it as an attachment to this motion.

2012)); *Wilson v. Lakner*, 228 F.R.D. 524, 530 (D. Md. 2005) (stating that the non-responsive testimony given by the corporate representative deposition, such as “I don’t know” or “we don’t know” may be deemed binding on the corporation so as to prohibit it from offering contrary evidence at trial) (citing *Rainey v. Am. Forest and Paper Assoc.*, 26 F. Supp. 2d 82, 94-95 (D.D.C. 1998)).

**5. No testimony, evidence or argument referencing the timing and circumstances under which Plaintiffs hired counsel**

Evidence concerning the time period and circumstances under which, and when Plaintiffs first sought an attorney should be excluded. S*ee, e.g.*, *Worley v. Central Florida Young Men’s Christian Ass’n, Inc.*, 228 So. 3d 18 (Fla. 2017); *Watson v. Builder Square*, 563 So.2d 721 (Fla. 4th DCA 1990); *Howard v. Palmer*, 123 So.3d 1171 (Fla. 4th DCA 2013); *Esparza v. Cloonan*, 2002 WL 34364149 (W.D. Tex. 2002). Defendants frequently pursue this line of questioning or argument to show or imply that the plaintiff had “litigation on the mind” soon after they were injured. These lines of questioning or argument by the defense are improper and prejudicial. The Preamble to the Florida Rules of Professional Conduct discusses a lawyer’s responsibilities, including the goal of encouraging people to seek legal advice. Moreover, the Comment to Rule 4-1.6, Confidentiality of Information, states that a lawyer’s obligation to hold inviolate confidential information of the client not only facilitates the full development of facts essential to proper representation of the client, but also encourages people to seek early legal assistance so that he/she can quickly determine whether there has been a compensable injury and so that immediate steps can be taken to protect the client’s rights under the law. *See Worley*.

In this case, while there is no direct communication to a lawyer at stake, the mere argument that the plaintiff’s motives should be considered suspect simply because he sought early legal advice is contrary to the Rules’ goal of encouraging people to seek early legal assistance.

Additionally, the Court should preclude such questioning or argument because it is irrelevant. This is a completely collateral matter intended to shift jurors' attention away from the relevant facts in evidence and toward the jurors' possible misconceptions that Plaintiff is trying to "capitalize" on his injury rather than attempting to obtain proper compensation for a wrong done to him. It is an implied argument focused on public prejudices: that plaintiffs are exaggerating injuries in an attempt to win the verdict lottery and that frivolous lawsuits are rampant. It also implies that everyone is "looking for someone to blame" for their injuries and that lawyers will help them find someone with a deep pocket. To the extent seeking early counsel does imply an improper motivation, its meager relevance is greatly outweighed by the danger of unfair prejudice (not only to Plaintiffs in this case, but to the legal system at large), confusion of issues, and misleading of the jury.

**6. Hearsay and speculation are not admissible, even if offered through Royal's corporate representative**

The Court should exclude any testimony offered by Royal's corporate representative that is not based on his personal knowledge. For example, during his deposition, Royal's corporate representative, Dr. Ben Shore, testified, generally, as to his understanding of alleged communications between the ship's doctor, Dr. Joao Pereira, and HIMA Caguas on February 21, 2019, but he admitted that his understanding was not based on any personal knowledge. (*See* DE 99-2, at 284) ("I think Dr. Pereira would be the best person to document that for you, because I would be going based on written records that we can all review. So I don't have any independent idea about what was discussed, what took place."). Dr. Shore went on to state that any other information that he might have on the subject was hearsay, as it was based on his communications with defense counsel. (DE 99-2, at 284) ("I don't have any information other than what I discussed with [defense counsel] Mr. Drahos, and what appears in the record.").

Testimony of a corporation's own witness is not made admissible by the fact that that witness is or was designated as a corporate representative. Under Fed. R. Evid. 602 "a witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the **witness had personal knowledge** of the matter." *United States v. El-Mezain*, 664 F. 3d 467, 495 (5th Cir. 2011); *Union Pump Co. v. Centrifugal Tech. Inc.*, 404 F. App'x 899, 907-08 (5th Cir. 2010). As the Fifth Circuit explained:

> Federal Rule of Evidence 602 limits the scope of a witness's testimony to matters that are within his or her personal knowledge. Union Pump argues that Bixler was permitted to testify to matters that, although they were not within his own personal knowledge, were within the knowledge of the corporation because Bixler was designated as Union Pump's corporate representative. We disagree. Federal Rule of Civil Procedure 30(b)(6) allows corporate representatives to testify to matters within the corporation's knowledge during deposition, and Rule 32(a)(3) permits an ***adverse*** party to use that deposition testimony during trial. *See Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 434 (5th Cir. 2006). However, a corporate representative may not testify to matters outside his own personal knowledge "to the extent that information [is] hearsay not falling within one of the authorized exceptions." *Id.* at 435; *see also Deutsche Shell Tanker Gesellschaft mbH v. Placid Refining Co.*, 993 F.2d 466, 473 n. 29 (5th Cir. 1993) (corporate representative is not permitted to repeat "rank hearsay").

*Union Pump*, 404 F. App'x. at 907-08 (emphasis and brackets in original). Other courts have taken a similar approach. *See, e.g.*, *Industrial Eng'g & Dev., Inc. v. Static Control Components, Inc.*, 2014 WL 4983912, *4 (M.D. Fla. Oct. 6, 2014) ("Rule 30(b)(6) does not eliminate Rule 602's personal knowledge requirement."); *Chevron TCI, Inc. v. Capitol House Hotel Manager, LLC*, 541 F. Supp. 3d 687, 694 (M.D. La. 2021) ("Accordingly, the Court will not permit Barroca to testify as a corporate representative to matters outside her own personal knowledge to the extent that such testimony is hearsay not falling within one of the authorized hearsay exceptions."). *Accord Radke v. NCL (Bahamas) Ltd.*, 2021 WL 1738928, *2 (S.D. Fla. May 3, 2021) (acknowledging this rule,

but denying motion in limine as premature based on party's inability to identify specific hearsay testimony).

One District Court in this Circuit has described the law as follows:

> Although Youngblood made no such objection, this testimony from Ashli Wilkins, designated to testify on behalf of the community college pursuant to Fed. R. Civ. P. 30(b)(6), may be subject to objection for lack of personal knowledge and hearsay. *See, e.g.*, *Sara Lee Corp. v. Kraft Foods Inc.*, 276 F.R.D. 500, 503 (N.D. Ill. 2011) (discussing dangers of 30(b)(6) testimony and noting that a "corporate representative may not repeat 'rank hearsay'") (quoting *Deutsche Shell Tanker Gesellschaft mbH v. Placid Refining Co.*, 993 F.2d 466, 473 n.29 (5th Cir. 1993)).

*Youngblood v. George C. Wallace State Comm. College*, 2014 WL 2961085, *6 n.6 (M. D. Ala. July 1, 2014).

Hearsay and speculation are not admissible merely because the testimony is offered through a corporate representative. A corporation may not use its corporate representative at trial to advance the corporation's position in direct examination unless it can be shown that the witness during the deposition was testifying from personal knowledge as opposed to the composite knowledge of the corporation. On the other hand, the opposing party (*i.e.*, Plaintiffs) can introduce the opposing corporate representative's hearsay testimony at trial, regardless of availability of the witness, pursuant to Fed. R. Civ. P. 32(a)(3). In that situation, the testimony of the representative is an admission and, therefore, not hearsay. *See* Fed. R. Evid. 801(d)(2).

**7. Evidence of the total amount billed for past medical expenses is admissible under *Higgs v. Costa***

The Eleventh Circuit previously ruled that a Plaintiff may introduce evidence of the full amount of past medical bills charged by his or her providers as evidence of damages. Specifically the Court held:

> For these reasons, we hold that the appropriate measure of past medical expense damages in a maritime tort case is the amount determined to be

> reasonable by the jury upon its consideration of all relevant evidence, ***including*** **the amount billed**, the amount paid, and any expert testimony and other relevant evidence the parties may offer.

(emphasis added) *Higgs v. Costa Croceire S.P.A. Co.*, 969 F.2d 1295, 1317 (11th Cir. 2020). Therefore, the Plaintiffs should be permitted to offer evidence of the total amount billed for the care and treatment of Richard Burgess as the result of RCCL's negligence.

WHEREFORE the Plaintiff respectfully requests this Court grant the Plaintiffs' Omnibus Motion in Limine, and any other relief this Court deems just and proper.

Respectfully Submitted,

By: *s/Sarah Anne Lobel*

**John H. Hickey, Esq.** (FBN 305081)
hickey@hickeylawfirm.com
**Sarah A. Lobel, Esq.** (FBN 88716)
slobel@hickeylawfirm.com
**Hickey Law Firm, P.A.**
1401 Brickell Avenue, Suite 510
Miami, FL 33131-3504
Telephone: (305) 371-8000
Facsimile: (305) 371-3542
*Attorneys for the Plaintiff*

## CERTIFICATE OF COUNSEL

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that undersigned counsel for Plaintiffs has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues. Counsel for defendant, Michael Drahos, advised that Royal does not object to the relief sought in No. 5 above, but stated that he was unable to take a position on the remaining subjects without reviewing the entirety of Plaintiffs' motion. Presumably, upon review of this motion, Royal will file a response stating its position as to those subjects.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: *s/Sarah Anne Lobel*

**JOHN H. HICKEY (FBN 305081)**
E: hickey@hickeylawfirm.com
**SARAH A. LOBEL, ESQ. (FBN 88716)**
E: slobel@hickeylawfirm.com
**HICKEY LAW FIRM, P.A.**
1401 Brickell Avenue, Ste. 510
Miami, Florida 33131-3504
Telephone: (305) 371-8000
Facsimile: (305) 371-3542

## SERVICE LIST

*Richard Burgess v. Royal Caribbean Cruises LTD.*
United States District Court, Southern District of Florida
CASE NO.: 1:20-cv-20687-Otazo Reyes

| | |
|---|---|
| **John H. Hickey, Esq.** (FBN 305081)<br>hickey@hickeylawfirm.com<br>federalcourtfilings@hickeylawfirm.com<br>**Sarah A. Lobel, Esq.** (FBN 88716)<br>slobel@hickeylawfirm.com<br>dmartinez@hickeylawfirm.com<br>**HICKEY LAW FIRM, P.A.**<br>1401 Brickell Avenue, Suite 510<br>Miami, FL 33131-3504<br>Telephone: (305) 371-8000<br>Facsimile: (305) 371-3542<br><br>**Elizabeth K. Russo, Esq.** (FBN 260657)<br>ekr@russoappeals.com<br>yvonne@russoappeals.com<br>**Paulo R. Lima, Esq.** (FBN 0064364)<br>prl@russoappeals.com<br>**RUSSO APPELLATE FIRM, P.A.**<br>e-service@russoappeals.com<br>7300 North Kendall Drive, Suite 600<br>Miami, Florida 33156<br>Telephone (305) 666-4660<br>Facsimile (305) 666-4470<br><br>*Attorneys for Plaintiff* | **Michael J. Drahos, Esq.** (FBN 0617059)<br>Michael.drahos@gray-robinson.com<br>Lilia.parker@gray-robinson.com<br>**W. Cooper Jarnagin, Esq.** (FBN 117767)<br>Cooper.jarnagin@gray-robinson.com<br>**GRAY ROBINSON, P.A.**<br>515 North Flagler Drive, Suite 650<br>West Palm Beach, FL 33401<br>Telephone: (561) 268-5727<br>Fax: (561) 268-5745<br><br>**Randy S. Ginsberg, Esq.** (FBN 185485)<br>rginsberg@rccl.com<br>**ROYAL CARIBBEAN CRUISES LTD.**<br>1080 Caribbean Way<br>Miami, Florida 3312<br>Telephone: (305) 539-6327<br>Alt. Tel. (305) 539-4457<br>Fax (305) 539-6561<br><br>*Attorneys for Defendant* |