UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION
CASE NO.: 1:20-cv-20687 - OAR
AT LAW AND IN ADMIRALTY

RICHARD BURGESS, Individually,
and by and through DARREN HENZE
as Guardian of the Person and Estate of
Richard Burgess, incapacitated and
as agent under that certain durable power
of attorney dated November 20, 2006

Plaintiffs,

v.

ROYAL CARIBBEAN CRUISES LTD.,
a Liberian Corporation d/b/a
ROYAL CARIBBEAN CRUISE LINE and/or
ROYAL CARIBBEAN INTERNATIONAL,
JOAO PEREIRA,
MICHIEL ADRIAAN ETSEBETH

Defendants.
_________________________________/

**PLAINTIFFS' *EXPEDITED* MOTION TO STRIKE
TESTIMONY AND REPORT OF DEFENSE EXPERT WITNESS
CAPTAIN RICK KENIN
AND
REQUEST FOR HEARING**

The Plaintiffs by and through their undersigned attorneys file their Expedited Motion to Strike Testimony and Report of Defense Expert Witness Captain Rick Kenin and Request for a Hearing and say:

1. The Defendant disclosed for the first time last Friday, May 12, 2023 a new expert and a "rebuttal report" from that expert. Interestingly, the Defendant filed the "rebuttal report" of the new expert *twenty-nine* minutes after the conclusion of the hearing on Defendant's motion for a continuance. *See* Defendant's May 12, 2023 Rebuttal Expert Witness Disclosure of Captain

Rick Kenin and accompanying service email, attached hereto as **Exhibit A**. The Plaintiffs move to strike and preclude the testimony, use of the report and/or any evidence adduced from Captain Rick Kenin at trial. The Defendant violated Fed. R. Civ. P. 26 and the Court's Orders. The Defendant disclosed a new expert and rebuttal report on May 12, 2023, *twenty-nine minutes after the hearing on the Defendant's Motion for Continuance*. *See* Defendant's May 12, 2023 Rebuttal Expert Witness Disclosure of Captain Rick Kenin and accompanying service email, attached hereto as **Exhibit A**. Counsel for the Defendant never asked counsel for the Plaintiffs whether they objected to a new untimely disclosure of an expert. Instead, counsel for the Defendant disclosed a new expert witness and report on the eve of the Pretrial Conference, which is scheduled for June 1, 2023, and Trial, which is scheduled to commence June 5, 2023.

2. The Court's Third Amended Scheduling Order [D.E. 68] provided a deadline for expert disclosures of August 26, 2022. The parties jointly agreed to a rebuttal disclosure deadline of **September 26, 2022**. Discovery closed on December 15, 2022 pursuant to Order [D.E. 73]. Therefore the Defendant's disclosure of Captain Rick Kenin as a rebuttal witness and his report are untimely. This disclosure **228 days after the parties' rebuttal expert disclosure deadline, three weeks before trial** and ***without leave of court,*** was served 29 minutes after the Court denied Defendant's request for a trial continuance.

3. **228 DAYS LATE WITHOUT LEAVE OF COURT AFTER ENLARGEMENTS OF TIME AND 8 HEARINGS:** The Defendant served its untimely Rebuttal Expert disclosure on May 12, 2023 – **228 days *after*** the deadline for the parties to disclose their expert witness reports and materials. After the parties disclosed their rebuttal reports on the agreed upon deadline of September 26, 2022, the parties appeared before the Court ***twice***[1] before

[1] *See* Paperless Minute Entries from Hearings: 10/3/2022 [D.E. 72; 12/5/2022 [D.E. 80]

the close of discovery (October 3, 2022, and December 5, 2022). The parties appeared before the Court an additional ***six times***[2] before the service of the Defendant's untimely disclosure. At *no point in time* did Counsel ever raise the issue or ask for permission to disclose a new rebuttal expert and report.

4. **VIOLATION OF FED R. CIV. P. 26(a)(2)(B)**: The Defendant's May 12, 2023 disclosures are in direct violation of Fed. R. Civ. P. 26(a)(2)(B) and the Court's Order. The Defendant should not be permitted to use *any* opinions from Captain Rick Kenin or any evidence from or related to Captain Rick Kenin. The Defendant's new report contain brand new opinions including but not limited to opinions related to maritime search and rescue, Federal Law, commercial salvage and/or search and rescue companies, United States Coast Guard use or non-use of helicopters, cutters and other response teams in Puerto Rico for medical evacuations.

5. **UNLAWFUL ATTEMPT TO REMEDY GAP IN REPORTS ON THE EVE OF TRIAL AND OFFER NEW OPINIONS**: It is clear, based on review of the Defendant's untimely disclosures, that the Defendant's new rebuttal expert and report is an attempt to rectify flaws, gaps and therefore major weaknesses within the Defendant's original expert and rebuttal opinions and materials. The Defendant knew or certainly should have known about these issues when the Plaintiffs disclosed Captain Hendrick Keijer, after Captain Keijer's 5 hour deposition taken on November 18, 2022, after the filing of the Defendant's *Daubert* Motion filed on January 20, 2023, which moved to strike Captain Keijer, as well as the Defendant's Motion for Summary Judgment filed on January 31, 2022, which also attacked Captain Keijer's opinion. The Defendant

[2] *See* Paperless Minute Entries from Hearings: 1/26/2023 [D.E. 93]; 2/2/2023 [D.E. 103]; 2/23/2023 [D.E. 111]; 3/17/2023 [D.E. 134] *5 hours and 7-minute Daubert Hearing*; 4/4/2023 [D.E. 135] *1 hour and 31-minute Hearing on Defendant's Motion for Summary Judgment*; 5/12/2023 [D.E. 143]

will argue that this late disclosure is not prejudicial and will likely offer the Plaintiffs an opportunity to depose this new witness.

6. **EXTREME PREJUDICE, FORECLSOURE FROM FILING DAUBERT CHALLEGE, DISTRACTION FROM TRIAL PREPARATIONS, IMPROPER STALL TACTIC**: The Defendant's late disclosure ensures the Plaintiff cannot a) file any *Daubert* challenge, b) invades the Plaintiffs' trial preparations, and c) would create an extreme unnecessary expense. At this juncture, the Plaintiffs cannot file a *Daubert* challenge against this witness because the deadline for such a motion has long since passed. Deposing this witness at this juncture detracts from the Plaintiffs' trial preparation schedule, which includes review of hundreds of exhibits, preparation of 10-13 witness, preparation of demonstratives, preparation for jury selection, opening statements, direct and cross examination of witnesses and the Pretrial Conference scheduled for June 1, 2023. Finally, depositions are costly in both time and expense.

7. **THE DEFENDANT SEEKS TO WIN BY TRIAL BY AMBUSH:** The fact that this disclosure was served immediately after the denial of the Defendant's Motion for Continuance should not escape the Court's notice. It would seem that this is a second attempt to force a continuance and/or others put both the Court and the Plaintiffs in a difficult position. Worse yet, the Defendant's misconduct falls on the eve of trial. The rules of civil procedure and the Court's trial orders are meant to prevent unfair tactics and game playing such as those employed by the Defendant here. The Defendant should not be permitted to cheat the rules of civil procedure and the Court's orders to gain an advantage during this trial or to force a continuance.

8. **A DEPOSITION IS NOT A REMEDY**: The Defendant will likely argue that the appropriate remedy is to allow the Plaintiff to depose Capt. Kenin. This argument fails for two reasons 1) the *Daubert* deadline has long passed, and 2) forcing the Plaintiffs to depose an expert

witness to correct gaps in the Defendant's grossly late rebuttal disclosures is burden shifting, costly, contrary to the law and does not mitigate the extreme prejudice to the Plaintiffs.

9. More dangerously, pushing the Plaintiffs to depose an expert on the eve of trial incentivizes and rewards the Defendant for violating Fed. R. Civ. P. 26(a)(2)(B) and the Court's Trial Orders. Rule 26(a)(2)(B) requires that the Defendant ***timely* disclose** expert witness disclosures with ***all*** **data or other information considered by the witness**. Additionally Rule 26 contemplated ***timely* mandatory** ***enhanced*** **disclosures** to allow for meaningful expert discovery that balances the cost and intrusiveness involved. *McPherson v. Wells Fargo Bank, N.A.*, 2013 WL 12059610, at *2-3 (S.D. Fla. Oct. 25, 2013) (citing Adv. Cmte. Notes, 2010 Amds., Fed. R. Civ. P. 26).

10. **PERMITTED USE OF UNTIMELY REPORTS, OPINIONS, AND/OR EVIDENCE PROMOTES VIOLATING RULES AND WITHHOLDING EVIDENCE**: **Any argument that it is reasonable for the Defendant to disclose brand new expert witnesses three weeks before trial without leave of court encourages Defendants to violate the rules of procedure and court orders without consequences in this and future actions**. Worse yet, this is the **second time** this Defendant has attempted to get away with the same type of conduct on the eve of trial. *See Conway v. Celebrity Cruises Inc.*, Case No. 19-cv-24470[3]. This Court ultimately struck the disclosure and precluded the Defendant from offering any testimony, opinions and evidence as a remedy for the late disclosure on the eve of the *Conway* trial. *See* Order [D.E. 118], attached hereto as **Exhibit B**. This Court should do the same here.

11. Insofar as cost, depositions consume huge amounts of time in preparation and execution in addition to the associated financial cost. Depositions of expert witnesses routinely

[3] Celebrity Cruises and Royal Caribbean Cruises Ltd. are both owned and operated by the same parent corporation and maintain a shared legal department.

last between 5-6 hours. To depose Capt. Kenin, the Plaintiffs would have been required to pay Kenin's fee of $2,800 for three hours, with an unknown additional hourly rate. Therefore, Kenin's deposition would cost between $2,800 (three hours) to $5,600 (presumably for six hours). Additionally, the Plaintiffs would be required to pay for the court reporter's attendance fee of approximately $360, the court reporter's transcription fee of $1,637, the videographer attendance fee of $580 and video of the deposition costing approximately $300. In total, the cost incurred by the Plaintiffs to correct the Defendant's untimely disclosure in violation of Fed. R. Civ. P. 26(a)(2)(B) would be roughly between **$5,677 and $8,477**. This ignores the cost of undersigned counsel's time and the adverse effect of finding hours to prepare and execute such a deposition. This is an outrageous price to force the Plaintiffs to incur to remedy the Defendant's violation of Fed. R. Civ. P. 26(a)(2)(B) and the Court's Orders.

12. **FED R. CIV P. 37 SANCTIONS SHOULD BE IMPOSED**: Rule 37 of the Federal Rules of Civil Procedure authorize sanctions for failure to comply with the deadline for expert witness disclosures, including the preclusion of testimony, striking of pleadings and entry of a default. Fed. R. Civ. P. 37(d)(3). Based on the facts and circumstances of this case, the Plaintiffs ask this Court to sanction the Defendant by precluding the Defendant from presenting any testimony, the report and/or evidence from Captain Rick Kenin.

13. **CONCLUSION**: The Defendant's untimely disclosure of brand-new Rebuttal Expert Captain Rick Kenin 228 days after the parties' rebuttal expert disclosures deadline and three weeks before Trial severely prejudices the Plaintiffs. The Defendant should not be permitted to reap the benefit of violating Fed. R. Civ. P. 26(a)(2)(B) and violating the Court's trial orders. Sanctions should be imposed by precluding any evidence, testimony and/or use of the report from Captain Rick Kenin at trial.

**REQUEST FOR HEARING PURSUANT TO LOCAL RULE 7.1(b)(2)**

The Plaintiffs request oral argument in order to fully explore and explain the legal and factual issues including whatever arises. This will afford the Court a meaningful and a complete account of the matters for which this Court must decide. The Plaintiffs request a 30-minute hearing.

WHEREFORE the Plaintiffs respectfully request this Court grant the Plaintiffs' Expedited Motion to Strike and impose the sanction of striking the report, evidence and testimony of Captain Rick Kenin and any other relief this Court deems just and proper.

Respectfully submitted,

*s/ Sarah A. Lobel*

John H. Hickey, Esq. (FBN 305081)
hickey@hickeylawfirm.com
Sarah A. Lobel, Esq. (FBN 88716)
slobel@hickeylawfirm.com
**Hickey Law Firm, P.A.**
1401 Brickell Avenue, Suite 510
Miami, FL 33131
Phone: (305) 371-8000
Fax: (305) 371-3542
*Attorneys for the Plaintiff*

**CERTIFICATE OF COUNSEL**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has attempted to confer with counsel for the Defendant in a good faith effort to resolve the issues contained herein. Counsel for the Defendant has not yet provided a position on this motion. Undersigned counsel will update the Court once notified by the Defendant.

Respectfully submitted,

By: __*s/ Sarah A. Lobel*_____________________

John H. Hickey (FBN 305081)
E: hickey@hickeylawfirm.com
Sarah A. Lobel (FBN: 88716)
E: slobel@hickeylawfirm.com
**HICKEY LAW FIRM, P.A.**
1401 Brickell Avenue, Ste. 510
Miami, Florida 33131-3504
Telephone: (305) 371-8000
Facsimile: (305)371-3542)
*Attorneys for the Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15th, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/Sarah A. Lobel*
Sarah A. Lobel, Esq.

## SERVICE LIST

*Richard Burgess v. Royal Caribbean Cruises LTD.*
United States District Court, Southern District of Florida
CASE NO.: 1:20-cv-20687-Otazo Reyes


| | |
|---|---|
| **John H. Hickey, Esq.** (FBN 305081)<br>hickey@hickeylawfirm.com<br>federalcourtfilings@hickeylawfirm.com<br>**Sarah A. Lobel, Esq.** (FBN 88716)<br>slobel@hickeylawfirm.com<br>dmartinez@hickeylawfirm.com<br>**HICKEY LAW FIRM, P.A.**<br>1401 Brickell Avenue, Suite 510<br>Miami, FL 33131-3504<br>Telephone: (305) 371-8000<br>Facsimile: (305) 371-3542<br><br>**Elizabeth K. Russo, Esq.** (FBN 260657)<br>ekr@russoappeals.com<br>yvonne@russoappeals.com<br>**Paulo R. Lima, Esq.** (FBN 0064364)<br>prl@russoappeals.com<br>**RUSSO APPELLATE FIRM, P.A.**<br>e-service@russoappeals.com<br>7300 North Kendall Drive, Suite 600<br>Miami, Florida 33156<br>Telephone (305) 666-4660<br>Facsimile (305) 666-4470<br><br>*Attorneys for Plaintiff* | **Michael J. Drahos, Esq.** (FBN 0617059)<br>Michael.drahos@gray-robinson.com<br>Lilia.parker@gray-robinson.com<br>**W. Cooper Jarnagin, Esq.** (FBN 117767)<br>Cooper.jarnagin@gray-robinson.com<br>**GRAY ROBINSON, P.A.**<br>515 North Flagler Drive, Suite 650<br>West Palm Beach, FL 33401<br>Telephone: (561) 268-5727<br>Fax: (561) 268-5745<br><br>**Randy S. Ginsberg, Esq.** (FBN 185485)<br>rginsberg@rccl.com<br>**ROYAL CARIBBEAN CRUISES LTD.**<br>1080 Caribbean Way<br>Miami, Florida 3312<br>Telephone: (305) 539-6327<br>Alt. Tel. (305) 539-4457<br>Fax (305) 539-6561<br><br>*Attorneys for Defendant* |