**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 19-24470-CIV-MARTINEZ/AOR**

KIMBERLY CONWAY,
Plaintiff,

v.

CELEBRITY CRUISES INC.,
Defendant.
_______________________________/

# ORDER

THIS CAUSE came before the Court upon Plaintiff Kimberly Conway's ("Plaintiff") Second Expedited Motion to Strike and Preclude Testimony and Evidence at Trial and Motion for Sanctions (hereafter, "Motion") [D.E. 90]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States District Judge [D.E. 109]. The undersigned held a hearing on this matter on March 29, 2022. See Paperless Minute Entry [D.E. 113]. Having considered the parties' written submissions and having heard the arguments of counsel, the undersigned GRANTS IN PART Plaintiff's Motion.

## PROCEDURAL AND FACTUAL BACKGROUND

On October 30, 2019, Plaintiff commenced this maritime personal injury action against Celebrity Cruises, Inc. ("Defendant") based on Plaintiff's alleged slip-and-fall accident while she was a passenger aboard the vessel *Infinity* (hereafter, "Vessel") owned by Defendant. See Complaint [D.E. 1]. Plaintiff alleges that Defendant allowed a large accumulation of water to remain for an extended period on the Vessel's open pool deck and/or stairway, which caused the Plaintiff to slip and fall and suffer permanent physical injuries. Id. As a result, Plaintiff seeks economic and non-economic damages against Defendant. Id.

On March 19, 2021, Tyler Kress ("Mr. Kress") drafted an expert report (hereafter, "Kress' First Expert Report") on behalf of Defendant in which he concluded that Plaintiff "was exposed to a walking surface with reasonable traction characteristics" that met industry standards. See Kress' First Expert Report, Ex. A. to Plaintiff's Motion to Strike Testimony and Report of Defense Expert Witness Tyler Kress (hereafter, "First Motion to Strike") [D.E. 36-1, at 1 & 8]. In arriving at this conclusion, Mr. Kress relied on the data collected by marine surveyor/naval architect and engineer Alejandro Garcia ("Mr. Garcia"), slip resistance technician Manuel Angel Mariscal ("Mr. Mariscal"), and technical director Fernando Fernandez ("Mr. Fernandez"), who were all present at the initial site inspection on behalf of Defendant. See Kress' First Expert Report [D.E. 36-1 at 4]. Mr. Kress was not present at the initial site inspection due to Covid-19 travel restrictions that were in place at the time. See Defendant's Response in Opposition to Plaintiff's Motion (hereafter, "Response") [D.E. 101 at 3].

In her First Motion to Strike, Plaintiff sought to exclude Mr. Kress' testimony and Kress' First Expert Report under *Daubert* on the basis that: his methodology improperly relied on the data and conclusions from three different individuals who were non-experts; his methodology was defective because he used the wrong test machine; and his opinions were improper legal conclusions. See First Motion to Strike [D.E. 36].

On July 21, 2021, the undersigned held an evidentiary hearing on Plaintiff's First Motion to Strike, at which Mr. Kress testified (hereafter, "*Daubert* Hearing") [D.E. 49]. Following the *Daubert* Hearing, the undersigned issued an order denying Plaintiff's First Motion to Strike. See Order [D.E. 85].

On January 31, 2022, Mr. Kress drafted an Expert Report following a site inspection of the Vessel that he attended in person on January 14, 2022 (hereafter, "Kress' Second Expert Report") [D.E. 90-1 at 2]. Plaintiff now seeks to exclude Mr. Kress' proposed expert testimony in its entirety,

and to strike both Kress' First Expert Report and Kress' Second Expert Report. See Motion [D.E. 90 at 1, 9]; Reply [D.E. 105 at 3]. Plaintiff argues that Kress' Second Expert Report should be stricken because it violates Rule 26 of the Federal Rules of Civil Procedure (hereafter, "Rule 26") in that it is not a true supplemental report, and because it was not timely disclosed in violation of Rule 26(a)(2)(B). See id. at 2. Additionally, Plaintiff requests that sanctions be imposed against Defendant in the form of a default judgment or, in the alternative, an order finding that Defendant was on notice of a dangerous condition. See id. at 9.

## APPLICABLE LAW

Expert report disclosures are governed by Rule 26. See Fed. R. Civ. P. 26(a)(2). Specifically, Rule 26(a) requires experts to disclose a written report containing "a complete statement of all opinions the witness will express and the basis and the reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). Pursuant to Rule 26(e), the parties must supplement their disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect". Fed. R. Civ. P. 26(e)(1). This duty to supplement extends to information included in the expert's report and "[a]ny additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2). Rule 26(a)(3)(B) provides that "[u]nless the court orders otherwise, these disclosures must be made at least 30 days before trial." Fed. R. Civ. P. 26(a)(3)(B).

However, supplementation under Rule 26(e) exists only "for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report." All-Tag Corp. v. Checkpoint Sys., Inc., No. 9:17-CV-81261, 2019 WL 5073499, at *3 (S.D. Fla. Oct. 9, 2019) (finding that a "supplemental" expert report not intended to correct any existing information but merely to bolster an existing opinion was not permissible). "Supplementation is not a device that allows experts to engage in additional work, correct weaknesses in the initial report,

or produce information in a belated fashion." United States v. Bacaner, No. 8:21-cv-391, 2022 WL 824245, at *4 (M.D. Fla. Mar. 18, 2022) (citing Great Lakes Ins. Se v. Rental Boat Corp., No. 20-60133-CIV, 2021 WL 1686926, at *2–3 (S.D. Fla. Mar. 1, 2021)). "The purpose of the rules governing expert disclosure is to safeguard against surprise." Apple Inc. v. Corellium, LLC, No. 19-81160-cv, 2021 WL 2940264, at *2 (S.D. Fla. July 13, 2021).

When awarding sanctions for violations of Rule 26, "[t]he Court has broad discretion to fashion a remedy . . . up to and including exclusion of an expert's testimony." Bacaner, 2022 WL 824245, at *4. "Under Rule 37(c)(1), a district court clearly has authority to exclude an expert's testimony where a party has failed to comply with Rule 26(a) unless the failure is substantially justified or is harmless." OFS Fitel, LLC v. Epstein, Becker & Green, P.C., 549 F.3d 1344, 1363 (11th Cir. 2008). Specifically, Rule 37(c)(1) provides:

> (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions . . . .

Fed. R. Civ. P. 37(c)(1); see also Taylor v. Mentor Worldwide LLC, 940 F.3d 582, 593 (11th Cir. 2019) ("Rule 37 gives a trial court discretion to decide how best to respond to a litigant's failure to make a required disclosure under Rule 26.").

## DISCUSSION

### I. Request to Strike

Plaintiff argues that Kress' Second Expert Report is not a true supplementation under Rule 26(e), but instead is an improper attempt to remedy flaws contained within Kress' First Expert

Report. See Motion [D.E. 90 at 3]. Plaintiff further argues that, because Kress' Second Expert Report is "based on a brand-new inspection and slip testing with a *different* machine" than the one discussed in Kress' First Expert Report, it is not a supplementation but a whole new report. See Reply [D.E. 105 at 4] (emphasis in original). Defendant responds that, because Kress' Second Expert Report does not offer any new opinions, it is a supplementation under Rule 26(e). See Response [D.E. 101 at 6–7].

Kress concluded in both of his Expert Reports that Plaintiff "was exposed to a walking surface with reasonable traction characteristics" that met industry standards. Compare Kress' First Expert Report [D.E. 36-1 at 1 & 8] with Kress' Second Expert Report [D.E. 101-1 at 9]. Notwithstanding these similar conclusions, Mr. Kress applied entirely different methodologies in reaching them. Kress' First Expert Report relied on the photographs and data collected by third-party inspectors who used a "Wessex Engineering portable pendulum-type of skid resistance tester" to measure slip resistance data. See Kress' First Expert Report [D.E. 36-1 at 3]; see also Transcript of *Daubert* Hearing (hereafter, "*Daubert* Transcript") [D.E. 112 at 28, 34, 37, 47]. However, Kress' Second Expert Report relied on a different test machine, known as an English XL, to gather slip resistance data. See Kress' Second Expert Report [D.E. 101-1 at 5 & 9]. Significantly, the English XL is the same machine that Plaintiff previously argued was the proper test machine to measure slip resistance, rather than the Wessex machine. See First Motion to Strike [D.E. 36 at 8]; see also *Daubert* Transcript [D.E. 112 at 59]. Plaintiff also previously criticized Mr. Kress' reliance on data gathered by third parties rather than conducting his own in-person inspection. See First Motion to Strike [D.E. 36 at 4–5].[1]

---

[1] In denying the First Motion to Strike, the undersigned ruled that Plaintiff's challenges to Mr. Kress' methodology were "more properly suited for cross-examination than exclusion." See Order [D.E. 85 at 5].

Thus, Mr. Kress' use of an entirely different methodology appears intended to address Plaintiff's prior challenges and improve Defendant's litigation posture rather than "for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report." Campanhia Energetic Potiguar v. Caterpillar Inc., No. 14-cv-24277, 2016 WL 3102225, at *6 (S.D. Fla. June 2, 2016). However, parties may not use a supplemental report to "merely bolster a defective or problematic expert witness report." Id. at *6; see also Cochran v. The Brinkmann Corp., No. 8-cv-1790, 2009 WL 4823858, at *5 (N.D. Ga. Dec. 9, 2009), aff'd, 381 F. App'x 968 (11th Cir. 2020) (Rule 26(e) "is not a device to allow a party's expert to engage in additional work, or to annul opinions or offer new ones to perfect a litigating strategy."). Accordingly, the undersigned finds that Kress' Second Expert Report is not a true supplementation under Rule 26(e), which renders Rule 26(e)(2), governing the deadline to supplement expert reports, inapplicable here. Given this conclusion, the undersigned further finds that Kress' Second Expert Report on January 31, 2022 was not timely disclosed, given that the deadline for the parties to disclose expert reports and materials was March 19, 2021. See Second Order Revising Pretrial Deadlines [D.E. 28].

Based on the foregoing analysis, the undersigned concludes that Kress' Second Expert Report should be stricken as untimely. However, the undersigned finds no merit in Plaintiff's argument that Kress' First Expert Report and his entire expert testimony should be stricken. Plaintiff has provided no independent basis for this argument and the undersigned finds no basis for modifying the ruling on the First Motion to Strike. See Order [D.E. 85]. Therefore, Plaintiff's Motion is GRANTED IN PART, limited only to the exclusion of Kress' Second Expert Report and any expert testimony derived from it.

## II. Request for Sanctions

Plaintiff requests that the Court sanction Defendant for violation of Rule 26 by entering a

default judgment against Defendant or, in the alternative, issuing an order finding that Defendant was on notice of a dangerous condition. See Motion [D.E. 90 at 9]. Plaintiff also requests that Mr. Kress' testimony be precluded in its entirety as a sanction. See id.

A default judgment is the most "severe sanction" and is "appropriate only as a 'last resort'" after a finding of "willfulness or bad faith failure to comply with a discovery order". See Maus v. Ennis, 513 F. App'x 872, 878 (11th Cir. 2013) (citation omitted). However, the undersigned finds no support here for the requisite finding of willfulness or bad faith on the part of Defendant. Moreover, granting Plaintiff's alternative request for an order finding that Defendant was on notice of a dangerous condition would effectively operate as a judgment on the merits, which is also not supported by the record.

Finally, the undersigned declines Plaintiff's request to preclude Mr. Kress' testimony, given the determination that the appropriate remedy in this case is to exclude Kress' Second Expert Report and any expert testimony derived from it.

## CONCLUSION

Based on the foregoing considerations, it is

ORDERED AND ADJUDGED that Plaintiff's Motion [D.E. 90] is GRANTED IN PART, limited to the exclusion of Kress' Second Expert Report and any expert testimony derived from it; and is otherwise DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 14th day of April, 2022.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Jose E. Martinez
Counsel of Record