UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:20-cv-20687 - OAR

RICHARD BURGESS, Individually,
and by and through DARREN HENZE
as Guardian of the Person and Estate of
Richard Burgess, incapacitated and
as agent under that certain durable power
of attorney dated November 20, 2006

Plaintiffs,

v.

ROYAL CARIBBEAN CRUISES LTD.,
a Liberian Corporation d/b/a
ROYAL CARIBBEAN CRUISE LINE and/or
ROYAL CARIBBEAN INTERNATIONAL

Defendant.

___________________________________/

**PLAINTIFFS' *EXPEDITED* MOTION FOR LEAVE TO PRESENT INCAPACITATED PLAINTIFF RICHARD BURGESS BY DEPOSITION AND HIS CARETAKER BY VIDEOCONFERENCE PURSUANT TO FED. R. CIV. P. 32 (a)(4)**

The Plaintiffs by and through their undersigned attorney file their Expedited Motion for Leave to Present Plaintiff Richard Burgess by Deposition and His Caretaker by Videoconference Pursuant to Fed. R. Civ. P. 32(a)(4)(C) and say:

1. The Plaintiffs move for leave to present Plaintiff Richard Burgess and his caretaker Richard Helfrich by deposition at trial. After reviewing the logistics and the risks associated with travel across the country for a trial, Burgess should be permitted to appear by videotaped deposition at trial.

2. **THE LAW – FED. R. CIV. P. 32(a)(4)(C)**: Pursuant to Fed. R. Civ. P. 32(a)(4)(C):

> [a] party may use for **any** purpose the deposition of a witness, **whether or not a party**, if the court finds:
> …

> (B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition;
>
> (C) that the witness cannot attend or testify because of age, illness, **infirmity** or imprisonment;

(emphasis added) Fed. R. Civ. P. 32(a)(4)(C). A party may be presented at trial by deposition in lieu of in person where appearing live at trial would be a substantial hardship because of infirmity. *Hoffman Brothers Heating and Air Conditioning, Inc. v. Hoffman Air Conditioning and Heating, LLC, et al.*, 2022 WL 1786530 (E.D. Mo. June 1, 2022). The burden is on the Plaintiffs to show that a witness, like Burgess, is unavailable by reason of infirmity or illness by providing objective medical support for the assertion. *See Sheetz v. Wal-mart Stores, Inc., et al.*, 2018 WL 8344383 (M.D. Pa. Mar. 28, 2018).

3. **BURGESS IS INCAPACITED**: Burgess is completely incapacitated. His injuries are such that a court found him legally incapacitated and awarded his husband guardianship over Burgess as far back as April 21, 2020. *See* Final Decree Adjudication of Totally Incapacitated Person and Appointment of Plenary Guardianship, attached hereto as **Exhibit A**. The final decree issued by the court in York, Pennsylvania adjudicating Burgess incapacitated made an express finding that that Burgess's ability to function is so limited that "he is totally unable to perform any activities of daily living without assistance" and that he is so impaired that he cannot "meet essential requirements for his health and safety".

4. Burgess currently resides in his home located in York, Pennsylvania. The closest airport to Burgess's home is Harrisburg Airport, which would require connecting flights through a larger airport to Miami, Florida. Alternatively, Burgess would have to be driven to Baltimore, Maryland (54.5 miles away) or Philadelphia, Pennsylvania (79 miles away). This alone would be an extreme undue burden and unnecessary risk to Burgess's health.

5. Burgess currently relies on 24/7 care to function. He cannot walk, cannot bathe himself, cannot brush his teeth, cannot feed himself, and/or otherwise function without full-time care or assistance. Burgess remains on a tracheostomy due to his inability to pass a swallowing test. He requires full-time care by a person or medical professional trained to assist Burgess when he aspirates and/or otherwise requires daily changing of his the tube placed into the opening in Burgess's trachea. Burgess is unable to get into or out of bed or his wheelchair without the use of specialized medical equipment called a "Hoyer lift." Burgess requires a specialized wheelchair for bathing as well as a different wheelchair to move from room to room. To leave his home, which Burgess does predominantly for medical appointments, he is dead weight and must be lifted into a car that must have sufficient space for his wheelchair and tracheostomy needs should he aspirate. Burgess's tracheostomy is an opening in Burgess's neck which allows for a tube to enter his windpipe. Mr. Burgess's tracheostomy and his overall extremely compromised physical condition put him at extreme risk of catching illnesses and/or bacteria should he be exposed to the public. To force Burgess to travel puts him in grave danger of catching an illness which could be devastating to him.

6. **OBJECTIVE OPINION OF TREATING DOCTOR**: Dr. Daniel Contract is board-certified in the field of Physical Medicine & Rehabilitation, with a specialty in Brain Injury Medicine. Dr. Contract has been Burgess's treating physiatrist since August 12, 2019. Dr. Contract offers an objective medical opinion that it would be extremely dangerous and against medical advice for Burgess to travel across the country for trial. *See* Declaration of Dr. Daniel Contract, attached hereto as **Exhibit B**. To expose Burgess to large groups of people at an airport, train station, hotel and/or courthouse would be extremely dangerous and potentially fatal. Additionally, transport would require travel with a specialized wheelchair, rental of a Hoyer lift, payment for round-the-clock nursing care. The extreme cost, logistical difficulties, and physical risks would be an unnecessary and substantial hardship to Burgess because of his severe infirmity.

7. **BURGESS DOES NOT REMEMBER THE INCIDENT**: Although he has some awareness of the change in his circumstances, Burgess has absolutely no recollection of the incident giving rise to this litigation. Burgess's testimony, therefore, will be limited to his perceptions about his daily life and limited memories of his life before his injuries, all to illustrate for the jury how Burgess has changed physically, mentally and emotionally.

8. **CARETAKER RICHARD HELFRICH**: Burgess's husband, Darren Henze, will appear live for trial. While away, Burgess requires a full-time caretaker trained and capable of managing his tracheostomy and familiar with Burgess's needs. Richard Helfrich was Burgess's caretaker for approximately a year and half and is a licensed nurse practitioner certified to care for patients on ventilators and tracheostomies, like Burgess. Mr. Helfrich lives in Washington Boro, Pennsylvania which is more than 100 miles away and, thus, he is an "unavailable witness" pursuant to Fed. R. Civ. P. 32(a)(4)(B). It would be an undue hardship and burden on Henze to find another caretaker familiar with Burgess's home, needs, and medical history and who is qualified to care for Burgess's tracheostomy.

9. **NO PREJUDICE TO THE DEFENDANT**: Burgess can testify about his current condition. He cannot testify about – and he does not recall - the events surrounding his care onboard Defendant's ship or his care at HIMA San Pablo Caguas in Puerto Rico. Accordingly, the testimony of Burgess at trial will be limited. In fact, the testimony at trial will be limited to the issues already explored by counsel for both parties in the videotaped deposition of Burgess. Counsel for Defendant deposed Burgess in person at Burgess's home in York, Pennsylvania, on September 16, 2021. This deposition was videotaped. The Eleventh Circuit does *not* distinguish between discovery depositions and *de bene esse* depositions. *Hoffman Brothers Heating and Air Conditioning, Inc. v. Hoffman Air Conditioning and Heating, LLC, et al.*, 2022 WL 1786530 (E.D. Mo. June 1, 2022) (citing *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358,

1359 n.3 (11th Cir. 2002). Helfrich can testify from Burgess's home by videoconference.[1] Therefore the deposition of Burgess and the testimony of Helfrich by videoconference can and should be presented at trial to the jury, who will be able to watch counsel's questioning and the witnesses' responses and demeanor via video.

10. **DEFENDANT'S POSITION ON RELIEF SOUGHT HEREIN**: The Defendant advised that RCCL takes no position regarding whether Burgess may be presented at trial by his videotaped deposition. However, counsel for the Defendant advised that this lack of position is not meant to be a waiver of any potential objections to portions of the deposition and/or video. The Defendant advised that RCCL does not object to Richard Helfrich being presented by videotaped deposition, but objects to Helfrich appearing at trial by videoconference.

11. **CONCLUSION**: Pursuant to Fed. R. Civ. P. 32(a)(4)(C), Burgess is unavailable for trial due to his physical infirmities. Pursuant to Fed. R. Civ. P. 32(a)(4)(B) Helfrich is unavailable for trial based on his residence more than 100 miles from the trial site. Burgess and Helfrich should be permitted to appear at trial by presentation of their videotaped depositions.

**<u>REQUEST FOR HEARING IF DEEMED NECESSARY BY THE COURT PURSUANT TO LOCAL RULE 7.1(b)(2)</u>**

If the Court determines that a hearing would be helpful on this motion, undersigned counsel will be prepared to attend and provide any further information that may be of assistance.

WHEREFORE the Plaintiffs respectfully request this Court grant the Plaintiffs' Expedited Motion for Leave to Present Plaintiff, Richard Burgess, and his Caretaker, Richard Helfrich, by Deposition Pursuant to Fed. R. Civ. P. 32(a)(4) and grant any other relief this Court deems just and proper.

---

[1] Henze's sister has arranged to be at the Burgess/Henze residence while Helfrich testifies so that she may briefly care for Burgess.

Respectfully submitted,

*s/ Sarah A. Lobel*
John H. Hickey, Esq. (FBN 305081)
hickey@hickeylawfirm.com
Sarah A. Lobel, Esq. (FBN 88716)
slobel@hickeylawfirm.com
**Hickey Law Firm, P.A.**
1401 Brickell Avenue, Suite 510
Miami, FL 33131
Phone: (305) 371-8000
*Attorneys for the Plaintiff*

**CERTIFICATE OF COUNSEL**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has spoken with counsel for the Defendant. Counsel for the Defendant advised that the Defendant takes no position regarding Burgess appearing by deposition. However, the Defendant has indicated that there may be objections to portions of the transcript and/or video that may be made despite taking no position on the issue of presentation by videotaped deposition. Counsel for the Defendant does not object to Richard Helfrich appearing by deposition, but objects to testifying by videoconference at trial.

Respectfully submitted,

By: __*s/ Sarah A. Lobel*____________________

John H. Hickey (FBN 305081)
E: hickey@hickeylawfirm.com
Sarah A. Lobel (FBN: 88716)
E: slobel@hickeylawfirm.com
**HICKEY LAW FIRM, P.A.**
1401 Brickell Avenue, Ste. 510
Miami, Florida 33131-3504
Telephone: (305) 371-8000
Facsimile: (305)371-3542)
*Attorneys for the Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 17th, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/Sarah A. Lobel*
Sarah A. Lobel, Esq.

## SERVICE LIST

*Richard Burgess v. Royal Caribbean Cruises LTD.*
United States District Court, Southern District of Florida
CASE NO.: 1:20-cv-20687-Otazo Reyes

| | |
|---|---|
| **John H. Hickey, Esq.** (FBN 305081)<br>hickey@hickeylawfirm.com<br>federalcourtfilings@hickeylawfirm.com<br>**Sarah A. Lobel, Esq.** (FBN 88716)<br>slobel@hickeylawfirm.com<br>dmartinez@hickeylawfirm.com<br>**HICKEY LAW FIRM, P.A.**<br>1401 Brickell Avenue, Suite 510<br>Miami, FL 33131-3504<br>Telephone: (305) 371-8000<br>Facsimile: (305) 371-3542<br><br>**Elizabeth K. Russo, Esq.** (FBN 260657)<br>ekr@russoappeals.com<br>yvonne@russoappeals.com<br>**Paulo R. Lima, Esq.** (FBN 0064364)<br>prl@russoappeals.com<br>**RUSSO APPELLATE FIRM, P.A.**<br>e-service@russoappeals.com<br>7300 North Kendall Drive, Suite 600<br>Miami, Florida 33156<br>Telephone (305) 666-4660<br>Facsimile (305) 666-4470<br><br>*Attorneys for Plaintiff* | **Michael J. Drahos, Esq.** (FBN 0617059)<br>Michael.drahos@gray-robinson.com<br>Lilia.parker@gray-robinson.com<br>**W. Cooper Jarnagin, Esq.** (FBN 117767)<br>Cooper.jarnagin@gray-robinson.com<br>**GRAY ROBINSON, P.A.**<br>515 North Flagler Drive, Suite 650<br>West Palm Beach, FL 33401<br>Telephone: (561) 268-5727<br>Fax: (561) 268-5745<br><br>**Randy S. Ginsberg, Esq.** (FBN 185485)<br>rginsberg@rccl.com<br>**ROYAL CARIBBEAN CRUISES LTD.**<br>1080 Caribbean Way<br>Miami, Florida 3312<br>Telephone: (305) 539-6327<br>Alt. Tel. (305) 539-4457<br>Fax (305) 539-6561<br><br>*Attorneys for Defendant* |