UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO: 1:20-cv-20687-AOR

RICHARD BURGESS, Individually,
and by and through DARREN HENZE
as Guardian of the Person and Estate of
Richard Burgess, incapacitated and
as agent under that certain durable power
of attorney dated November 20, 2006.

Plaintiffs,

v.

ROYAL CARIBBEAN CRUISES LTD.,
a Liberian Corporation d/b/a
ROYAL CARIBBEAN CRUISE LINE and/or
ROYAL CARIBBEAN INTERNATIONAL,

Defendant.
_________________________________/

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF**
**ITS MOTION TO BIFURCATE THE TRIAL INTO TWO PHASES**

Defendant, Royal Caribbean Cruises Ltd. ("RCCL"), pursuant to Fed. R. Civ. P. 42(b) and Local Rule 7.1(c)(1), hereby files this reply memorandum in support of its motion to bifurcate the trial into two phases—liability and damages [DE 147], and states:

Plaintiffs raise three points in opposition to the motion to bifurcate: (1) there is an element of sympathy in every personal injury case; (2) the motion is untimely; and (3) there are eight witnesses whose testimony goes to both liability and damages. Each is addressed below and should be rejected by this Court.

First, this is not a run-of-the-mill personal injury case with ordinary injuries and minimal medical costs. Rather, there are "exceptional features about this case that makes it different from other personal injury cases." *See* DE 151 at 4. As recognized by Plaintiffs, Mr. Burgess sustained "catastrophically debilitating injuries." DE 151 at 6. Mr. Burgess experienced two stroke events, with the second causing "almost complete locked-in syndrome." "Locked in syndrome" is a "rare"

disorder of the nervous system where patients are paralyzed except for the muscles that control eye movement. Patients are conscious and can think and reason, but cannot move or speak. NIH, National Institute of Neurological Disorders and Stroke, "Locked-In Syndrome," https://www.ninds.nih.gov/health-information/disorders/locked-syndrome (last visited on May 19, 2023). Mr. Burgess eventually recovered from the locked-in syndrome, but requires a full-time daily caregiver and "is completely incapacitated." *See* DE 150 at 2; *see also id.* at 3 ¶ 5 (describing in detail Mr. Burgess's current condition).

Moreover, Plaintiffs plan on presenting extensive damages evidence—including, if permitted, the anticipated emotional testimony concerning Mr. Burgess's life before and after his strokes from no less than *five* lay witnesses. *See* DE 151 at 6-7 (indicating that Darren Henze, Susan Hiatt, Joseph Hiatt, Joseph Hiatt, Jimmie Landrum, and Ilene Landrum are all "before-and-after" witnesses).

Because this case *does* involve exceptional features, this Court should grant bifurcation. *See, e.g., Haines v. Get Air LLC*, No. CV1500002TUCRMEJM, 2019 WL 4696276, at *3 (D. Ariz. Sept. 26, 2019) (granting bifurcation in case involving a "catastrophic cervical injury" because "[g]iven Plaintiff's extensive damages evidence—including the anticipated emotional testimony concerning his life before and after his injury—there is a possibility that, absent bifurcation, even a properly instructed jury will decide issues of liability not on the merits but out of sympathy for Plaintiff"); *Hopkins v. Nat'l R.R. Passenger Corp.*, No. 08CV2965NGGRML, 2016 WL 1588499, at *1 (E.D.N.Y. Apr. 19, 2016) (granting bifucation in case involving "catastrophic injuries" when "bifurcation will help prevent the jury from drawing natural, yet impermissible inferences as to liability without prejudicing the presentation of Plaintiffs' case and will promote judicial economy by avoiding lengthy and potentially unnecessary trial proceedings"); *Nelson v. United States*, No. 11-CV-02953, 2013 WL 6022861, at *1, 3 (D. Colo. Nov. 13, 2013) (granting bifurcation in case involving "catastrophic injuries").

Second, the motion is not untimely.[1] This motion was not ripe until this Court ruled on the potentially dispositive *Daubert* motions and motion for summary judgment which could have substantially limited or precluded a trial altogether. RCCL filed the motion to bifurcate one day

[1] It is somewhat disingenuous for Plaintffs to make this argument. Plaintiffs' omnibus motion in limine [DE 138] attempts to strike certain expert opinions of Dr. Nobo well-past the January 2023 deadline for *Daubert* motions, also shortly before trial.

after the Court denied in part its motion for summary judgment. Moreover, other than "plans and schedules" that might need to be modified, Plaintiffs have not shown any real prejudice or that RCCL will receive an unfair advantage from bifurcation. DE 151 at 10. Further, bifurcation will not impose an undue burden on the witnesses, especially given that the witnesses' testimony will not be required if Plaintiffs are unsuccessful at the liability stage.

Plaintiffs also rely on two distinguishable cases. *Southeastern Metals Mfg. Co. v. Stampco, Inc.*, No. 3:13-cv-844, 2014 WL 12615697 (M.D. Fla. Oct. 23, 2014), was a "standard" patent infringement case, not a personal injury case involving catastrophic injuries, and the motion to bifucate was not confined to trial, but also sought to bifurcate discovery on the issues of liability and damages and sought a stay of discovery on damages until a ruling on liability had been reached. *Id.* at *1. The court's decision on the timeliness issue was directed at the request for bifurcated discovery—not the request for a bifucated trial—and found that discovery bifurcation would delay the case when all discovery—relating to both liability and damages—was to be completed within two weeks of the court's order.

*Baratta v. Homeland Housewares, LLC,* No. 05-60187-CIV, 2008 WL 10989539, *4 (S.D. Fla. Oct. 28, 2008), like *Stampco*, was "not an exceptional" intellectual property infringement case and the motion to bifurcate sought to bifurcate discovery as well. *Id.* at *3, *4. Most importantly, while the court may have noted that the motion was filed three years into the litigation, *see id.* at *3, it did not deny the motion on that basis.

Finally, Plaintiffs try to manufacture an argument that this case if bifurcated will result in repeat presentations of the same witnesses. This is simply not the case. First, Darren Henze is Mr. Burgess's husband and will be at the entire trial, so their claim that bifurcation will inconvenience him is a red herring. He is also the *only* "first-hand" before-and-after witness. DE 151 at 6. Second, the Hiatts and Landrums were eyewitnesses in the medical center who are going to speak to the actions of the doctor, but none of them have physically seen Mr. Burgess in-person since the cruise and cannot speak intelligently on damages. *See* DE 100-8 (Dep. Joseph Hiatt) at 181:8-12; DE 100-6 (Dep. Susan Hiatt) at 139:11-22; DE 100-9 (Dep. Jimmie Landrum) at 196:24 – 197:6; DE 100-10 (Dep. Ilene Landrum) at 117:1-3. Even if they could, that would obviously be cumulative, as would both Drs. Gomez and Nidorf since they both say essentially the same thing. Third, the Hiatts and Landrums, are not medical doctors, so they cannot opine on whether RCCL's medical treatment of Mr. Burgess constituted negligence.

Fourth, the repeat presentation of evidence is only one of six factors courts consider when deciding to bifurcate and not the primary factor. The primary factor is prejudice. *See* DE 147 at 2 (quoting cases). Here the undue prejudice to RCCL is outweighed by any potential inconvenience to any of the witnesses.

Fifth, the damages phase will require testimony of numerous medical doctors and introduction of medical records that will be time-consuming and which ultimately may not be necessary. If the question of liability is resolved in RCCL's favor, this would preclude the need for a trial on damages. Plaintiffs ignore this salient point in their response. If the liability question is resolved in Plaintiffs' favor, the parties may be able to reach agreement regarding various issues related to damages, or even reach a settlement, foreclosing the need for trial regarding damages. Based on the foregoing, the management of the trial will be substantially enhanced by bifurcation, and bifurcation will assist in the efficient judicial administration of the case.

## CONCLUSION

Based on the foregoing, Defendant RCCL respectfully requests that this Court enter an order bifurcating the trial into liability and damage phases.

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Dr., Ste. 650
W. Palm Bch., FL 33401
Tel: (561) 268-5727; Fax: (561) 268-5747

By: */s/ Michael J. Drahos*
Michael J. Drahos, FBN 0617059
michael.drahos@gray-robinson.com
Jack R. Reiter, FBN 0028304
jack.reiter@gray-robinson.com
Robert C. Weill, FBN 009962
robert.weill@gray-robinson.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

*/s/ Michael J. Drahos*

**SERVICE LIST**
**CASE NO.: 1:20-CV-20687-AOR**

John H. Hickey, Esq.
Sarah A. Lobel, Esq.
Hickey Law Firm, P.A.
1401 Brickell Ave., Ste. 510
Miami, FL 33131
Tel.: (305)371-8000
Fax: (305) 371-3542
hickey@hickeylawfirm.com
slobel@hickeylawfirm.com

*Attorneys for Plaintiff*

Elizabeth K. Russo, Esq.
ekr@russoappeals.com
yvonne@russoappeals.com
Paulo R. Lima, Esq.
prl@russoappeals.com
RUSSO APPELLATE FIRM, P.A.
e-service@russoappeals.com
7300 North Kendall Dr., Ste. 600
Miami, Florida 33156
Tel.: (305) 666-4660
Fax: (305) 666-4470

*Attorneys for Plaintiff*