**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 20-cv-20687-OTAZO-REYES**

**CONSENT CASE**

RICHARD BURGESS, individually, and
by and through DARREN HENZE as
Guardian of the Person and Estate of
Richard Burgess, incapacitated, and as
Agent under that certain durable power of
attorney dated November 20, 2006,

Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,
a Liberian Corporation, d/b/a
ROYAL CARIBBEAN CRUISE LINE and/or
ROYAL CARIBBEAN INTERNATIONAL,

Defendant.
_____________________________________________/

**ORDER**

THIS CAUSE came before the Court upon Plaintiff Richard Burgess' ("Plaintiff" or "Mr. Burgess") Omnibus Motion in Limine (hereafter, "Motion in Limine") [D.E. 138]. The Court held a hearing on this matter on June 1, 2023 (hereafter, "Hearing"). In accordance with the Court's rulings at the Hearing, it is

ORDERED AND ADJUDGED that Plaintiff's Motion in Limine is GRANTED IN PART and DENIED IN PART as follows:

1. Plaintiff's Motion in Limine is GRANTED as to Items 1, 2, 5, and 7, which are unopposed.

2. Plaintiff's Motion in Limine is GRANTED as to Item 3. Given Defendant Royal Caribbean Cruises, Ltd.'s ("Defendant") non-compliance with Fed. R. Civ. P. 26(a)(2)(C), Dr.

Ulises Nobo may not render expert opinion testimony at trial and his testimony will be limited in scope to his treatment of Plaintiff as a treating physician.

3. Plaintiff's Motion in Limine is GRANTED as to Item 4. Defendant's corporate representative, Dr. Ben Shore ("Dr. Shore"), may not testify as to the two topics about which he stated he had no personal knowledge during his deposition, as identified in Plaintiff's Reply in Support of his Motion in Limine [D.E. 160 at 6]. The Court will address at trial any other objections that may arise with respect to Dr. Shore's testimony.

4. Plaintiff's Motion in Limine is DENIED as to Item 6.

DONE AND ORDERED in Chambers at Miami, Florida this 1st day of June, 2023.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record