UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:20-cv-20687- OTAZO-REYES

**CONSENT CASE**

RICHARD BURGESS individually and
by and through DARREN HENZE
as Guardian of the Person and Estate
of Richard Burgess, incapacitated and
as agent under that certain durable power
of attorney dated November 20, 2006.

    Plaintiff,
v.
ROYAL CARIBBEAN CRUISES LTD.,
a Liberian Corporation, d/b/a
ROYAL CARIBBEAN CRUISE LINE and/or
ROYAL CARIBBEAN INTERNATIONAL.

    Defendants.
_____/

**AMENDED JOINT PRETRIAL STIPULATION**

The Parties to this action, by and through their undersigned counsel, and pursuant to Local Rule of the Southern District of Florida 16.1(e), hereby file this Amended [1] Joint Pretrial Stipulation pursuant to the Court's Order Specially Setting Civil Jury Trial and Pretrial Schedule and Requiring Mediation [D.E. 73 & 81] and say:

1. **Statement of Case:**

**Plaintiff's Statement of the Case:**

This is a maritime action for negligence against Royal Caribbean Cruises Ltd. ("RCCL"). RCCL failed to provide former cruise passenger Richard Burgess with prompt emergency

---

[1] The instant amended joint pretrial stipulation adds the alleged comparative negligence of Plaintiff Richard Burgess as an issue of fact to be litigated at trial. This is proposed only by the Defendant.

1

medical care and transport to the closest capable medical facility. Burgess suddenly started to suffer from a stroke aboard its cruise ship, the *Harmony of the Seas*, while it was docked in the Port of San Juan, Puerto Rico, on February 21, 2019. Plaintiff claims, and Defendant does not dispute, that a stroke is a medical emergency of the most urgent order because each minute that passes without treatment increases the likelihood of permanent brain tissue death. RCCL was negligent in responding to Burgess's stroke. Specifically, RCCL: (i) failed to act with sufficient urgency in medically disembarking Burgess to a shoreside hospital after its shipboard medical staff had already determined he was suffering from a stroke; and (ii) further contributed to the delay in Burgess's treatment by sending him to HIMA San Pablo Caguas Hospital when there were other hospitals significantly closer to the Port of San Juan capable of administering the medication he needed on an urgent basis to treat his stroke. As a result of the delay caused by RCCL, Burgess arrived at the hospital too late to receive critical treatment. As a result of RCCL's conduct, Burgess did not arrive at a hospital until more than four hours after the onset of his stroke symptoms, resulting in catastrophic injuries.

Burgess suffered a stroke. Burgess suffered severe condition resulting in "locked-in syndrome," a permanent condition where the patient is aware of his surroundings but cannot move or communicate verbally due to complete paralysis of nearly all voluntary muscles in the body. Burgess is now totally and permanently disabled. He cannot walk, cannot grasp things correctly with his hands, cannot bathe himself, cannot go to the bathroom on his own, unable to eat on his own, has a tracheostomy tube to open his airway for breathing, lacks control over his emotions which causes fits of laughter and crying spells, cannot recall things well, and speaks only in a garbled way.

**Defendant's Statement of the Case**:

Defendant contends that on February 21, 2019 the medical staff aboard the *Harmony of the Seas* appropriately responded to Plaintiff's medical condition by immediately evaluating his condition, rendering a preliminary diagnosis, and contacting the local port agent to coordinate an emergency medical disembarkation from the vessel to the best shoreside hospital in Puerto Rico capable of further managing his care needs. Defendant disputes that the medical staff aboard the *Harmony* did not respond with sufficient urgency, and instead argues that Plaintiff was transferred from its vessel in the fastest and most efficient manner possible within the capabilities of the emergency response system in Puerto Rico. Additionally, Defendant contends that Plaintiff's suggestion that there were closer or more appropriate hospitals available than HIMA Hospital on the date in question is entirely speculative as even Plaintiff's own expert agrees that HIMA Hospital provided him with the best chance for the best possible outcome. Ultimately, Defendant contends that due to the nature of the Plaintiff's underlying disease process his eventual outcome was unavoidable despite receiving the best possible care from the most qualified clinicians in Puerto Rico at HIMA Hospital.

**Basis of federal jurisdiction:** The Court has jurisdiction based on diversity of citizenship, 28 U.S.C. §1332 (contested by Defendant only), and the Admiralty jurisdiction of the Court, 28 U.S.C. § 1333, and the forum selection clause contained in Plaintiff's Passenger Ticket Contract issued by RCCL.

2. **Pleadings raising the issues:**

    a. Second Amended Complaint of the Plaintiff [D.E. 48], dated November 20, 2020

b. RCCL's Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint [D.E. 52], dated December 1, 2020

3. **List of all undisposed of motions or other matters requiring action by the Court:**

    a. None.

4. **Uncontested facts which will require no proof at trial:**

    a. For purposes of this litigation only, at the time of the incident, RCCL *Harmony of the Seas* was owned and operated by ROYAL CARIBBEAN CRUISES LTD.

    b. The Defendant Royal Caribbean Cruises Ltd. is now known as Royal Caribbean Group and is a corporation organized and existing under the laws of Liberia and based in Miami, Florida.

    c. At the time of the incident, the Plaintiff was a fare-paying passenger aboard RCCL *Harmony of the Seas*.

    d. The incident in this case happened on February 21, 2019.

    e. Federal subject matter jurisdiction arises under the laws of the United States under the General Maritime Law and accordingly under 28 U.S.C. § 1333.

    f. The Plaintiff has complied with all of the conditions precedent for bringing this action including but not limited to all condition's precedent provided in the passenger contract ticket. This includes, but is not limited to, the requirement to provide notice of the claim within 180 days of the incident.

    g. For the documents provided by the Defendant RCCL listed below:

        (1) The documents referenced below are authentic pursuant to and not subject to objection under Fed. R. Evid. 901;

        (2) The documents referenced below are the best evidence of the documents produced by the Defendant pursuant to and not subject to objection under Fed. R. Evid. 1002, 1003, and 1004;

        (3) The documents referenced below are subject to the business record or records of regularly conducted business activity exception to the rule against hearsay pursuant to and not subject to objection under Fed. R. Evid. 803 (6).

| DOCUMENTS PRODUCED BY ROYAL CARIBBEAN CRUISE LINE (RCCL) | Batestamp No. |
|---|---|
| RCCL Gangway Activity for Darren Henze and Richard Burgess | GS000001 |
| RCCL Booking Confirmation – Guest Copy | GS000002- GS000004 |
| RCCL Guest Ticket Booklet | GS000005-GS000023 |
| RCCL Guest Injury Statement | GS000024-GS000025 |
| RCCL Witness to Injury Statement | GS000026-GS000027 |
| RCCL photographs of cabin | GS000028-GS000030 |
| RCCL Case Summary- 4 pages with consent | GS000031-GS000036 |
| RCCL Case Summary – 5 pages with Consent | GS000037-GS0044 |
| RCCL Shoreside Referral | GS000045-GS000046 |
| RCCL Guest Landed Report | GS000047-GS000048 |
| RCCL Harmony of the Seas final statement with receipts | GS000049 – GS000080 |
| RCCL Personal Information for Darren Henze and Richard Burgess | GR000082-GR000083 |
| RCCL Seacare Shoreside Referral | GR000085-GR000086 |
| RCCL Email from medical secretary | GR000087-GR000088 |
| RCCL Guest Landed Report with attachments | GR000089-GR000108 |
| RCCL Employment Agreement – Dr. Joao Manuel Pereira | GR000110-GR000113 |
| RCCL Port Agent Agreement | GR000115-GR00142 |
| RCCL Employment Agreement – Dr. Michiel Adriaan Etsebeth | GR00014-GR000147 |
| RCCL Employment Agreement – Lilibeth Perez Rivera | GR000148-GR000151 |
| RCCL letter to Mary Brennar RN | GR000152-GR000153 |
| RCCL Job Description – Senior Doctor | GR000155-GR000160 |
| RCCL Job Description – Senior Doctor | GR000161-GR000165 |
| RCCL Job Description – Chief Nurse | GR000167-GR000176 |
| RCCL Job Description – Title Nurse | GR000177-GR000184 |
| RCCL CareTeam Manual | GR000186-GR000229 |
| Dr. Joao M. Periera personnel file | GR000230 – GR000304 |
| Dr. Michiel Adriaan Estebeth personnel file | GR000306- GR000392 |
| RCCL Credential SOP – Doctor and Nurses References and Requirements | GR000394-GR000410 |
| Medical RCL & Skysea, Chapter 14 – Emergency Medical Disembarkation of Guest or crew | GR000412 – GR000421 |
| RCCL AED Models & serial Numbers | GR000423 – GR000426 |
| RCCL Guest Injury Statement | GR000427 – GR000428 |
| Vikand Medical Equipment Inspection Testing and Calibration Worksheet | GR000429-GR000444 |
| RCCL Job Description – Medical Director | GR000445-GR000446 |
| RCCL Employment Agreement with attachments – Michiel Adriaan Estebeth | GR000447-GR000454 |
| RCCL Employment Agreement with attachments – Joao Manuel Periera | GR000457-GR000465 |
| Medication – Richard Burgess | GR000467 |
| RCCL Harmony of the Seas Invoices & Receipts | GR000469-GR000474 |
| RCCL Images of Medical Center | GR000476-GR000477 |

| | |
|---|---|
| RCCL Medical – RCCL & Sky Sea (89) 12/20/2018 – Index Chapter 1-21 | GR000479 |
| RCCL Medical Operations – Emergency Medical Disembarks at Sea | GR000481 – GR000498 |
| RCCL blank forms: Critical Care Patient Handover Form, Crew Landed Medical Report, Guest Landed Report, USCG Medevac Check Sheet | GR000500-GR000505 |
| RCCL Uniform photograph | GR000507 |
| RCCL medical rooster with product code and product names | GR000509-GR000526 |
| RCCL Job Description – Medical Secretary | GR000528-GR000532 |
| RCCL Job Description – Staff Captain | GR000533-GR000538 |
| RCCL Job Description – Master | GR000539-GR000545 |
| RCCL Deck Logs | GR000546 – GR000658 |
| RCCL Situation Management Plan – Shipboard RCL – Chapter 2 – Overview and Definitions (2.03 code words) | GR000659 – GR000661 |
| RCCL Situation Management Plan – Shipboard RCL – Chapter 3 – Response Procedures and Checklist (3.04.1 Medical Emergency – Alpha Royal/Azamara) | GR000662 – GR000665 |
| RCCL Shipboard Performance Appraisal 3.0 Stripes and above for Joao Pereira | GR000666 – GR000669 |
| RCCL Shipboard Performance Appraisal 3.0 Stripes and above for Michiel A. Etsebeth | GR000670 – GR000674 |
| RCCL Passenger and Visitor Search with Exportable Data Sheets | GR000675-GR000680 |

    h. The ship's physician and all shipboard medical personnel who worked onboard the *Harmony of the Seas* during the subject cruise, including but not limited to Dr. Joao Pereira, Nurse Mary Bremner and the shipboard Medical Secretary, were all employees of the Defendant RCCL acting within the scope of their employment while rendering treatment to Richard Burgess on February 21, 2019.

5. **Issues of fact which remain to be litigated at trial:**

    a. Negligence of the Defendant, ROYAL CARIBBEAN CRUISES.

        (1) Whether Defendant is liable for negligent medical treatment because the physician is an employee;

        (2) Whether Defendant is liable for negligent medical treatment because the physician is an apparent agent of the cruise line;

        (3) Whether the Defendant is liable for failure to arrange for emergency transport to the closest medical facility.

    b. Comparative Negligence of the Plaintiff, RICHARD BURGESS (*proposed by Defendant only*).

    c. Causation of Plaintiff's alleged injuries and damages.

    d. Whether and to what extent Royal's alleged negligence caused non-economic damages to the Plaintiff, which include, pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.

    e. Whether and to what extent Royal's alleged negligence caused economic damages to the Plaintiff, which includes past and future medical expenses, lost wages or loss of earning capacity.

6. **Issues of law on which there is agreement:**

    a. ROYAL CARIBBEAN CRUISES owed Plaintiff a duty of reasonable care under the circumstances.

    b. ROYAL CARIBBEAN CRUISES is vicariously liable for the acts and omissions of its shipboard medical personnel in their treatment of Richard Burgess during the subject cruise.

    c. Under federal maritime law, joint tortfeasors are each jointly and severally liable for 100% of the Plaintiff's damages, if any. Accordingly, to the extent a jury finds Royal liable for Plaintiff's injuries, Royal is responsible for the entire amount of any judgment, minus any percentage of liability the jury assigns to the Plaintiff.

7. **Issues of law which remain for determination by the Court:** The Plaintiff proposes diversity of citizenship.

8. **Each Party's List of Trial Exhibits**: See Docket Entries 164-1 (Plaintiff), 164-3 (Defendant)

9. **Each Party's List of Trial Witnesses**: See Docket Entries 164-2 (Plaintiff), 164-3 (Defendant)

10. **Estimated trial time: 5 Days**

11. **Attorney's fees:**

    a. There is no claim for attorney's fees.

Dated: June 4, 2023

Respectfully submitted,

| **BY:** *Sarah A. Lobel* <br> **Sarah A. Lobel, Esq. (FBN 88716)** <br> slobel@hickeylawfirm.com <br> **HICKEY LAW FIRM, P.A.** <br> 1401 Brickell Avenue, Suite 510 <br> Miami, FL 33131-3504 <br> Telephone: (305) 371-8000 <br> Facsimile: (305) 371-3542 <br> *Counsel for Plaintiff* | **BY:** *Cooper Jarnagin* <br> **Cooper Jarnagin, Esq.** (FBN 0617059) <br> Cooper.Jarnagin@gray-robinson.com <br> **GRAY ROBINSON, P.A.** <br> 515 North Flagler Drive, Suite 650 <br> West Palm Beach, FL 33401 <br> Telephone: (561) 268-5727 <br> Facsimile: (561) 268-5745 <br> *Counsel for Defendant* |
|---|---|

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on June 4, 2023 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

BY: */s/ Cooper Jarnagin*


## SERVICE LIST

Richard Burgess v. Royal Caribbean Cruises LTD.
United States District Court, Southern District of Florida
CASE NO.: 1:20-cv-20687-Otazo Reyes

| | |
|---|---|
| **John H. Hickey, Esq.** (FBN 305081) <br> hickey@hickeylawfirm.com <br> federalcourtfilings@hickeylawfirm.com <br> **Sarah A. Lobel, Esq. (FBN 88716)** <br> slobel@hickeylawfirm.com <br> dmartinez@hickeylawfirm.com <br> **HICKEY LAW FIRM, P.A.** <br> 1401 Brickell Avenue, Suite 510 <br> Miami, FL 33131-3504 <br> Telephone: (305) 371-8000 <br> Facsimile: (305) 371-3542 <br> *Attorneys for Plaintiff* | **Michael J. Drahos, Esq.** (FBN 0617059) <br> Michael.drahos@gray-robinson.com <br> Lilia.parker@gray-robinson.com <br> **W. Cooper Jarnagin, Esq.** (FBN 117767) <br> Cooper.jarnagin@gray-robinson.com <br> **GRAY ROBINSON, P.A.** <br> 515 North Flagler Drive, Suite 650 <br> West Palm Beach, FL 33401 <br> Telephone: (561) 268-5727 <br> Fax: (561) 268-5745rginsberg@rccl.com <br> *Attorneys for Defendant* |